## Byers, Appellant, *v.* Bacon.

*Negligence—Physician and surgeon—Failure to remove drainage tube—Statute of Limitations—Act of June 24, 1895, P. L. 236.*

1. An action instituted on February 18, 1913, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, a physician and surgeon, in failing to provide for the removal at the proper time of a rubber tube which during the progress of a surgical operation performed on the plaintiff by the defendant was inserted in a wound for drainage purposes and which was invisible from the surface, is not necessarily barred by the provisions of the Statute of Limitations of June 24, 1895, P. L. 236, upon proof that the operation was performed by defendant at a hospital of which he was head of the staff of surgeons, and from which the plaintiff was discharged as a patient by the defendant on March 21, 1910.

2. In such case the plaintiff should be allowed to show when and by whom the tube should have been removed, and when plaintiff might be reasonably charged with knowledge of the fact that the tube had been overlooked.

Argued May 18, 1915. Appeal, No. 279, Jan. T., 1914, by plaintiff, from judgment of C. P. York Co., April T., 1913, No. 57, on directed verdict for defendant in the

case of Edgar J. Byers v. William F. Bacon. Before
BROWN, P. J., MESTREZAT, POTTER, MOSCHZISKER and
FRAZER, JJ. Reversed.

Trespass for personal injuries. Before ROSS, J.

The opinion of the Supreme Court states the case.

The court directed a verdict for defendant, upon
which judgment was entered. Plaintiff appealed.

*Errors assigned* were rulings on evidence and in giv-
ing binding instructions for defendant.

*John E. Malone,* with him *Charles E. Zerfing,* for ap-
pellant.—The statute of limitations ran from the time
of the discovery of the tube by appellant's physician:
Smith v. Blachley, 188 Pa. 550; Lewey v. H. C. Frick
Coal Co., 166 Pa. 536; Scranton Gas & Water Co. v.
Lackawanna Iron & Coal Co., 167 Pa. 136; Trustees of
the Proprietors of Kingston v. Lehigh Valley Coal Co.,
241 Pa. 469.

*Henry C. Niles,* with him *John N. Logan, James J.
Logan* and *Frank R. Stocker,* for appellee.—The action
is barred by the Act of June 24, 1895, P. L. 236; Henkel
v. Beitsch, 22 Pa. D. R. 895; Reinhard v. Fuhr, 4 Lehigh
Co. L. J. 198; Rodebaugh v. Philadelphia Traction Co.,
190 Pa. 358; Peterson v. Delaware River Ferry Co., 190
Pa. 364; Bowden v. Philadelphia, Wilmington & Balto.
R. R. Co., 196 Pa. 562; Owen v. Western Savings Fund,
97 Pa. 47.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

The defendant in this case, a physician and surgeon,
was charged by the plaintiff with negligence in failing to
remove at the proper time, a rubber tube, which during
the progress of a surgical operation performed on the
plaintiff by defendant, had been inserted in the wound
for drainage purposes. In the statement of claim, the

plaintiff alleged that the operation was performed by defendant at the York hospital, where he was head of the staff of physicians. That on March 21, 1910, plaintiff was discharged from the hospital as a patient by defendant, and was told to report to his family physician. It was alleged that the tube was allowed by defendant to remain in the wound, but as it was not visible from the surface, plaintiff did not know of its presence. He continued under the care of his family physician, and it was not until June 8, 1911, that the tube was discovered in the wound and removed. At the trial plaintiff offered to show these and other facts necessary to sustain his charge of negligence, but as it appeared that plaintiff was discharged from the hospital on March 21, 1910, and this action was not brought until February 18, 1913, the trial judge was of the opinion that the action was barred under the provisions of the Act of June 24, 1895, P. L. 236, which requires suit for damages, not resulting in death, to be brought within two years from the time when the injury was done. He, therefore, refused to admit testimony offered by plaintiff as set forth in the assignments of error, and gave binding instructions in favor of the defendant.

It may be that the court below was right in holding that under any aspect in which the case may be placed by additional testimony, the bar of the statute of limitations is fatal to the claim of plaintiff. But we do not see that this is necessarily so. The negligence charged was not in the insertion of the tube, but it was in the failure to remove it at the proper time, or in the failure to give notice of its presence, that it might be removed by another, when it had served its proper purpose. It could hardly have been intended to remain permanently in the body of plaintiff, and he should have been allowed to show when and by whom the tube, which was inserted by defendant, should have been removed. It may be that good surgical practice required it to be kept in the wound after plaintiff was discharged from the hospital

and placed under the care of his family physician. If defendant was at fault in permitting the tube to remain in the wound when it should have been removed, or in failing to give notice of its presence, the time when such dereliction of duty occurred should have been shown, as that would constitute the real injury, and would start the running of the statute of limitations. It may have been coincident with the date of plaintiff's discharge from the hospital, but not necessarily so. Then too, it should have been a question for careful consideration, as to whether the statute should properly have been regarded as running against plaintiff, until such time as he could reasonably be charged with knowledge of the fact that the tube had been overlooked and left in the wound. On the other hand, it may be that the evidence would have clearly shown that under any aspect from which the case may fairly be regarded, the plaintiff was in full possession of all the facts in ample time to have brought his action before the statute of limitations had run against his claim, had he been disposed to do so. All that we now decide is that the court below should have admitted the evidence offered by plaintiff, giving to it full and fair effect, and should have allowed him to make out his case as completely as he could, before determining whether the action was barred by the statute of limitations, or whether there was anything in the case which could properly be regarded as having the effect of tolling the running of the statute, to an extent sufficient to save this action.

The assignments of error are sustained, and the judgment is reversed with a procedendo.