## Polk, Appellant, *v.* Steel Workers Organizing Committee et al.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Coleman Harrison,* with him *Forrest G. Moorhead,* for appellant.

*Eugené A. Caputo,* with him *Ernest G. Nassar,* for appellees:

Opinion by Mr. Justice Drew, January 3, 1949:

This action in trespass was brought by plaintiff, George F. Polk, against three labor organizations to recover damages claimed to have resulted from alleged unlawful interference with his employment with A. M. Byers Company. At the completion of the testimony adduced in plaintiff's behalf, the learned trial judge granted defendants' motion for a compulsory nonsuit. The court en banc refused to take off the nonsuit, and plaintiff appealed.

Viewing the evidence in the light most favorable to plaintiff, as we are required to do in reviewing a refusal to take off a nonsuit, the following pertinent facts appear: Plaintiff, a laborer, started to work for A. M. Byers Company, at its Ambridge plant, in 1937, and continued to work there until May 25, 1940. During this time defendant Unions had a contract with the company which permitted them to encourage employees to join their organizations, but did not require Union membership as a condition of employment. Union officials commenced the latter part of 1939 to urge plaintiff, who was not a member of the Union, to join. Plaintiff, however, refused, giving as his reason that he could not afford the expense. As time went on, these requests became more frequent. In May, 1940, plaintiff was told by one of the officers of the Union that if he did not join, he would find his card missing from the company rack. It appears that without his card in the rack an employe would not be able to get credit for his work, inasmuch as the company would have no record of his punching time in and out, and also that a card was removed from the rack by the management at times so as to have the employe call at the company office for some reason or other. At the time of the last discussion in which a threat was claimed to have been made to plaintiff by one

of the Union officials, on May 24, 1940, the plant superintendent and the vice president of the Byers Company were standing about eight feet away engaged in a conversation of their own. About a half hour later the plant superintendent came to plaintiff at his work and informed him that his "card would be pulled for not joining the union." A day or two later, when plaintiff reported to work, he found his card missing. For about three weeks thereafter plaintiff went back to the plant daily, but never found his card in the rack, and, therefore, did not work. He then tried to secure employment elsewhere, but was unable to get work until July 7, 1941. The vice president of the Byers Company was called as a witness by plaintiff. He vaguely remembered plaintiff and was unable to recall having any interview with him. This witness stated, however, that his records showed that, although plaintiff had not worked for the company after May, 1940, he remained in the employ of the Byers Company until March, 1941, and that company continued to pay group insurance premiums on him as an employe until that time.

We are convinced that the learned court below committed no error in refusing to remove the compulsory nonsuit. This record is entirely devoid of evidence showing that defendant Unions communicated threats to the employer, Byers Company, for the purpose of forcing plaintiff's dismissal or for any other reason. Plaintiff's proof at best merely established that he was threatened with discharge by officers of defendant organizations if he did not join the Union, that a conversation to that effect took place between himself and a Union official at a place on the Byers Company premises within eight feet of a point where two company officers were engaged in conversation on some matter, that shortly thereafter he was informed by a Byers Company official that he would not be permitted to resume work unless he joined the Union.

Plaintiff contends that from this circumstantial evidence produced by him the jury properly could have inferred that defendants were responsible for his discharge by his employer.

As to the matter of circumstantial evidence, we said in *DeReeder v. Travelers Ins. Co.*, 329 Pa. 328, 334, 198 A. 45: ". . . in a *civil* case the evidence of facts and circumstances on which plaintiff relies and the inferences logically deducible therefrom, must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition." See also *Sharble v. Kuehnle-Wilson, Inc.*, 359 Pa. 494, 59 A. 2d 58.

In the instant case plaintiff failed completely to meet the burden cast upon him. Any verdict in his favor would have been based on nothing more than conjecture. Under such circumstances, it would have been highly improper for the trial judge to have allowed the jury to consider the case. We agree with the following statement of the court below: "It is certain that in the absence of any definite or specific contract of employment the plaintiff was employed at the will of the employer, and could, therefore, be dismissed at any time with or without cause. It is also certain that if the employer dismissed the plaintiff for cause, it could be for any number of causes, including the plaintiff's refusal to join a union. It is possible that an employer, in order to maintain harmonious labor relations and to eliminate the necessity of dealing with individuals, favored and encouraged membership in a labor union, and may have adopted such a policy without any pressure being brought upon it by officers of labor unions. It cannot be argued that if the employer saw fit to discharge an employe because he failed to join a labor union, the employe could legally hold the union or its officers responsible. All that we have in the instant case is a mere suspicion that the plaintiff was dimissed because the defendants induced

the employer to dismiss him. This is not sufficient on which to ground an action for damages."

For this reason, if for no other, the order of the learned court below overruling the motion to take off the compulsory nonsuit must be affirmed.

Order affirmed.