## Simmons v. Saltz

*Donald H. Pugh*, for plaintiff.

*Mauro L. Ciccarelli*, for defendant.

DIGGINS, J., October 31, 1956.—Plaintiff brings an action in trespass to recover against defendant, a practicing dentist, alleging that defendant was retained in his professional capacity to, inter alia, extract certain teeth in the lower right jaw of plaintiff,

and that these extractions were made on or about the 10th day of April, 1952, followed by visits in connection therewith for post-extraction attention on the twenty-sixth and thirtieth days of April in 1952, and plaintiff alleges that following the extractions she complained of great pain in the area of the lower right jaw and alleges that as a result of said complaints, defendant examined the area of the lower right jaw and because of his failure to take X-ray pictures did not discern the true cause of the complaint and attempted treatments designed to heal the area.

There is no allegation of any specific condition which could have been discerned by X-ray pictures but plaintiff complains that she developed osteomyelitis of the jaw, which condition required surgical care and the removal of a portion of the jaw bone. There is no allegation as to when the osteomyelitis condition was discovered or when the surgery was done. There is no allegation of special damages but plaintiff seeks recovery for pain and suffering. Defendant filed an answer denying the negligence and setting up as new matter the statute of limitations, to wit, that the suit was not instituted until April 23, 1956, more than two years after the date of the alleged negligence (12 PS §34), to which a reply was filed denying that the statute of limitations is a bar in this suit, following which a motion for judgment on the pleadings was filed and is now before us for action.

It is the contention of plaintiff that this suit is not barred by the statute of limitations because in such cases the statute does not begin to run until plaintiff knew or should have known of the condition upon which plaintiff bases defendant's negligence.

Various jurisdictions in the United States are not in harmony on this question. See Annotations, 74 A. L. R. 1317, and 144 A. L. R. 209. However, in Penn-

sylvania, it would appear that the law is settled in the case of Bernath v. LeFever, 325 Pa. 43, where it was held: ". . . the period within which the action may be brought begins to run from the time when the injury was done, even though the damage may not have been known, or may not in fact have occurred, until afterwards . . ." unless ". . . the running of the statute is postponed where, by some independent act of fraud or concealment, a wrongdoer prevents or diverts discovery."

Here there is no allegation whatever that the running of the statute was postponed by any act of fraud or concealment.

We are not unmindful of the fact that Byers v. Bacon, 250 Pa. 564, permitted a suit brought after the statute would normally have run, and computed the statute from the date when plaintiff might be reasonably charged with knowledge of the negligence. The question of the necessity of fraud and concealment to toll the statute in that case is not mentioned, but this latter case was decided in 1915, the former in 1937. Also, the Bernath v. LeFever case, supra, runs directly contra to the rule affirmed in Byers v. Bacon, supra. No mention is made of Byers v. Bacon, supra.

We think, however, that the law of the Commonwealth, by reason of the more recent decision in Bernath v. LeFever, supra, is established to be that the statute runs from the date of the alleged negligence unless fraud and active concealment is pleaded and proved. Here no such allegation is made and therefore we make the following

### Order

And now, to wit, October 31, 1956, upon motion of counsel for defendant, judgment is entered in favor of defendant, M. H. Saltz, and against plaintiff, Clara B. Simmons.