## Connor, Appellant, v. Hawk.

Argued November 15. 1956. Before STERN, C. J., JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Henry T. Reath,* with him *James J. McCabe, Jr.,* and *Duane, Morris & Heckscher,* for appellants.

*David A. Saltzburg,* and *Howard R. Detweiler,* with them *Morris W. Kolander, Kolander & Saltzburg,* and *Ambler, Detweiler & Walsh,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, January 17, 1957:

Plaintiffs appeal from the order of the court below refusing their motion for removal of compulsory nonsuit in this action of trespass for damages sustained in the destruction of their drugstore building and contents by fire.

Viewing the testimony, as we must in such cases, in a light most favorable to plaintiffs, the following appears: By contract with plaintiffs Philadelphia Wholesale Drug Company, defendant, decorated plaintiffs' store windows at fixed intervals. On the day in question, their employe, Hawk, individual defendant,

proceeded to decorate one of the windows. For this purpose he used crepe paper and cellophane furnished by defendant Drug Company. Some, if not all, of these materials were quite inflammable.

After working in and out of the window for approximately two and one-half hours, during which no other person was near the window, a fire started in the window and resulted in destruction of the building and contents. Within minutes before the fire, Hawk was observed smoking a cigarette as he worked at a table several feet away from the entrance to the window, preparatory to taking some of the paper into it. He was seen to lay the cigarette on the table; to then pick it up "after he laid it there"; after which "he put it in his mouth and then a few minutes later . . . went into the window." The witness testified that he had the cigarette as he went toward the window, but did not "know what he done with it then," but that immediately thereafter the fire started. It was shown there were electrical outlets at the window and near a radiator upon which Hawk had to step to enter the window. However, there were no wires in or around the window, no fuses had been blown, nor were any wires burned, nor was there any evidence of overheated equipment.

This testimony was sufficient to establish negligence of the defendants and causation. Although there was no direct evidence, the circumstances were such to permit such findings by a jury without engaging in surmise or guess. To establish negligence by circumstantial evidence, the circumstances must be " 'so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion' that the [accident] was caused by the negligence of defendant in the manner alleged": *Sharble v. Kuehnle-Wilson, Inc.,* 359 Pa. 494, 500, 59 A. 2d 58;

*Satovich v. Lee*, 385 Pa. 133, 122 A. 2d 212. But it is not required that every possible other cause be excluded beyond peradventure. It is sufficient if the evidence satisfies reasonable and well balanced minds that defendants' negligence was the cause: *Dannals v. Sylvania Township*, 255 Pa. 156, 160, 99 A. 475. It was not sufficient that there were electrical outlets near the window, nor was the testimony of Hawk (through depositions introduced as on cross-examination) such as to introduce an independent cause. The testimony that there were no blown fuses, no burnt wires, and no overheated equipment, sufficed to leave as the cause the defendant's carrying the lighted cigarette into the window and its contact with the inflammable material he was using to decorate the window. The plaintiffs sustained the burden resting upon them. Cf. *Propert v. Flanagan*, 277 Pa. 145, 120 A. 783. See also *Commonwealth v. Rogozinski*, 387 Pa. 399, 128 A. 2d 28, where, in affirming defendant's conviction and sentence for murder in the first degree, resulting from circumstantial evidence, we declared: " 'The requirement of the law is that in order to warrant a conviction the facts and circumstances proved must be of such character as to produce . . . the guilt of the accused beyond any reasonable doubt—*not that they need be absolutely incompatible with his innocence—and that doubt is for the jury unless the evidence ' "be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances".' "*

Judgment reversed and a new trial ordered.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

Not unmindful that a nonsuit may be properly entered only where its justification is so evident that rea-

sonable men cannot differ about it, I find myself unable to join in this court's order of reversal. The unanimous action of the court below, sitting en banc, in refusing to remove the nonsuit, which the learned trial judge granted, appears to me to be patently warranted by the record.

The plaintiffs' right to recover damages for the destruction of their store and goods by fire depended upon their proving that the fire was caused by the negligence of the defendant Hawk. All that is in the case on that score is derived by basing one presumption of fact upon another, namely, that Hawk carried a lighted cigarette into the storewindow, which he was decorating, and that the cigarette started the fire. Indeed, the presumption that he carried a cigarette into the store window was obliterated by Hawk's positive denial in his deposition which the plaintiffs offered in evidence in their case.

I would affirm the order of the court below.