## Smith, Appellant, *v.* Bell Telephone Company of Pennsylvania.

Argued January 8, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and MCBRIDE, JJ.

reargument refused August 17, 1959.

*Jack Brian,* with him *Berman, Richard & Brian,* for appellants.

*Edward H. Bryant, Jr.,* with him *Lutz, Fronefield, Warner & Bryant,* for appellees.

OPINION BY MR. JUSTICE MCBRIDE, July 2, 1959:

This case is here on plaintiff's appeal from the refusal of the court below to take off a compulsory nonsuit.

In 1948 defendant, Counties Contracting and Construction Company, under contract to defendant, Bell Telephone Company of Pennsylvania, constructed an underground conduit to carry telephone lines along Baltimore Avenue in Lansdowne, Pennsylvania. In 1950 after an inspection which revealed no structural or other defects, plaintiff purchased a house on Baltimore Avenue. Sometime prior to March 25, 1951, he discovered seepage in his basement, which proved to be sewage backed up from the sewer lateral running from his home to the street. He made efforts several times that summer, with varying degrees of success, to find the cause and cure the trouble. These efforts continued from time to time until September 1956, when, in desperation, plaintiff and a friend tunnelled under the sidewalk, found that the telephone conduit had crushed the sewer lateral and was blocking it. Plaintiff brought suit September 19, 1957 and, after presenting evidence, met with a compulsory nonsuit which the court later refused to take off. The refusal was based on two grounds:

(1) That plaintiff had not made out a prima facie case, and (2) that the action was barred by the statute of limitations.

In support of the judgment of nonsuit the court below applied the standard that where plaintiff's case is based on circumstantial evidence and inferences to be drawn therefrom, such evidence must be so conclusive as to exclude any other reasonable inference inconsistent therewith, and that plaintiff did not produce such evidence. Indeed he did not, but did he have to?

A variety of formulae for determining the sufficiency of circumstantial evidence to sustain a verdict may be

found, including: "such as to satisfy reasonable and well balanced minds". *Connor v. Hawk,* 387 Pa. 480, 483, 128 A. 2d 566 (1957); *Rowles v. Evanuik,* 350 Pa. 64, 68, 38 A. 2d 255 (1944); *Ferry v. P.R.T. Co.,* 232 Pa. 403, 406, 81 Atl. 426 (1911). "[the facts and inferences] must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition", *Wagner v. Somerset County Memorial Park,* 372 Pa. 338, 342, 93 A. 2d 440 (1953); *Polk v. Steel Workers Organizing Com.,* 360 Pa. 631, 634, 62 A. 2d 850 (1949). Although some of the formulations appear to be mutually inconsistent, they have sometimes been used together. See *Stauffer v. Railway Express Agency,* 355 Pa. 24, 47 A. 2d 817 (1946). The formula that "the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion plaintiff advances" is not a correct statement of the rule to be applied by the judge on deciding a motion for either a nonsuit or binding instructions. If that were the rule what would be the province of the jury? In no case where there was more than one reasonable inference would the jury be permitted to decide. Insofar as this rule is stated in our cases it is disapproved.[1]

---

[1] Among the cases citing this rule are: *City Products Corp. v. Bennett Brothers,* 390 Pa. 398, 135 A. 2d 924; *Layman v. Gearhart,* 389 Pa. 187, 132 A. 2d 228; *Schofield v. King,* 388 Pa. 132, 130 A. 2d 93; *Klimczak v. 7-Up Bottling Company of Phila., Inc.,* 385 Pa. 287, 122 A. 2d 707; *Karcesky v. Laria,* 382 Pa. 227, 114 A. 2d 150; *Ault v. P.R.R. Co.,* 381 Pa. 496, 113 A. 2d 150; *Fries v. Ritter,* 381 Pa. 470, 112 A. 2d 189; *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77; *Wagner v. Somerset County Memorial Park,* 372 Pa. 338, 93 A. 2d 440; *Ebersole v. Beistline,* 368 Pa. 12, 82 A. 2d 11; *Foley v. Pittsburgh-Des Moines Co.,* 363 Pa. 1, 68 A. 2d 517; *Stanalonis, Admr. v. Branch Motor Express Co.,* 358 Pa. 426, 429, 57 A. 2d 866,

We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. *Schofield v. King*, 388 Pa. 132, 136, 130 A. 2d 93 (1957); *Connor v. Hawk*, 387 Pa. 480, 482, 128 A. 2d 566 (1957); *Ebersole v. Beistline*, 368 Pa. 12, 16, 82 A. 2d 11 (1951). Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the *only* one which logically can be reached.

It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. The judge cannot say as a matter of law which are facts and which are not unless they are admitted or the evidence is inherently incredible. Also, it is beyond the power of the court to say whether two or more reasonable inferences are "equal". True enough the trial judge has to do something like this in deciding a motion for new trial based on the weight of the evidence but no such rule governs him in deciding whether a case is submissible to the jury. The facts are for the jury in any case whether based upon direct or

868; *Donaldson v. Pittsburgh Rwys. Co.*, 358 Pa. 33, 36, 55 A. 2d 759, 761; *Ashby, Admr. v. Philadelphia Transportation Co.*, 356 Pa. 610, 612, 52 A. 2d 578, 580; *Davis v. Moylan*, 354 Pa. 508, 509, 510, 47 A. 2d 641, 642; *Balducci v. Cutler*, 354 Pa. 436, 439, 47 A. 2d 643, 644; *Martin v. Marateck*, 345 Pa. 103, 106, 27 A. 2d 42, 44; *Skrutski v. Cochran*, 341 Pa. 289, 291, 19 A. 2d 106.

circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. It is the duty of plaintiff to produce substantial evidence which, if believed, warrants the verdict he seeks. The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury. Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith. This rule has been applied in substance in many cases. See *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910; *Rockey v. Ernest*, 367 Pa. 538, 541, 80 A. 2d 783; *Turek v. Pennsylvania R. R. Co.*, 361 Pa. 512, 64 A. 2d 779; *Randolph v. Campbell*, 360 Pa. 453, 62 A. 2d 60.

To the court below it seems that all plaintiff had proved was "the happening of an accident", and that the best that could be said for plaintiff's case was that "the collapse of the conduit may have been the consequence of defendant's negligence." It would seem, however, that plaintiff has proved more than that; enough more, in fact, that he should have been permitted to have the jury pass upon the problem. We are not here faced with a case relying on circumstantial evidence to show both the happening of the accident and the defendants' negligence. It is clear that the injury was caused by the conduit crushing the sewer lateral. The question is, did defendants' negligence cause the conduit so to behave?

Plaintiff showed, mainly by defendants' own employees, that the usual method of installing conduits, which was employed here, is to excavate a trench across all the properties on the route along which the line is to be laid, a practice which quite naturally disturbs the earth and frequently exposes gas, water and sewer lines. Where there is danger that the heavy conduit (about 210 pounds per three foot section) might press upon such lines, supporting piers are to be constructed on either side of the line to bear the weight of the conduit. Where soil conditions are normal such piers are constructed if the clearance above the line is less than six inches. Whether the piers are to be so-called dry wall (of brick without mortar) or of some more substantial material such as poured concrete depends upon the solidity of the surrounding earth. Again, by testimony of defendants' employees as well as his own, he showed there was no evidence of piers having been placed under the conduit. Defendant makes much of the fact that plaintiffs' attorney did not ask plaintiff if he had removed piers from the excavation. In view of the fact that plaintiff testified he had carefully "cleared away" the earth and, when asked what he had found, described the condition of the conduit and sewer lateral fully with no mention of piers, such a question would have been unnecessary and purposeless. It is of perhaps greater significance that defendants' attorney did not ask that question on cross-examination.

Plaintiff has fairly shown that defendants buried a heavy conduit over his sewer lateral, and that after about three years the conduit crushed the lateral. It is hard to see how a plaintiff in these circumstances could prove more.

A likely inference under the conditions described is that the soil was normal and the crushing of the pipe was due to defendants' negligence in not supporting a conduit which passed over plaintiff's lateral with

less than six inches clearance. It is also possible, as defendants suggest, though perhaps not as likely, that the clearance was adequate for normal conditions or that piers were installed and that the mischief resulted from abnormal soil conditions, or from subterranean waters. The difficulty with that hypothesis for defendants is that it too presents a strong probability of negligence since it seems unlikely that soil conditions could have changed very much in what was apparently an established community in the short space of three years or less. If the condition of the soil at the time of installation of the conduit was subnormal, defendants were bound to support their conduit accordingly, and not to proceed on the basis of ideal or average soil conditions. To suggest that the collapse which broke the sewer lateral occurred through the undermining action of sewage flowing from the break would be patently absurd.

Under the conditions described, it is entirely reasonable for the jury to find that the accident resulted from the negligence of the defendants. Of course, if the jury is not convinced of that fact by the preponderance of the evidence, they may not conclude that negligence was the cause. But that decision is for the jury, and neither the trial judge nor this Court may assume it. Defendants may, if they can, introduce evidence of special conditions under which inferences of non-negligent causation might be stronger, or of due care in the installation of the conduit, which they are better equipped to show than is plaintiff to show the lack of it.

As for the statute of limitations, there seems to be no dispute here that the statute runs, on causes arising from sub-surface injury, from the time of discovery of the cause of the harm or the time when the cause of the harm reasonably should have been discovered, whichever is earlier. *Lewey v. Fricke Coke Co.,* 166 Pa. 536, 31 Atl. 261 (1895). The same principle

has been adverted to in a cause arising from the alleged malpractice of a surgeon in failing to provide for the removal, at the proper time, of a rubber tube left in the patient's wound, which was invisible from the outside. *Byers v. Bacon,* 250 Pa. 564, 95 Atl. 711 (1915). Since plaintiff started suit about a year after he discovered the cause of the harm we are concerned only with when he reasonably should have discovered it. The court below found that a reasonable time within which the cause should have been discovered would have been about one month from the time he discovered the seeping sewage in March 1951. It would appear that had plaintiff in 1951 made the same intensive effort he did in 1956, or had he had a plumber do it for him, he *may* have uncovered the cause. But he explained he did not have much money and the cost of doing this was not the subject of a definite estimate. This does not pose a question for the court but for the jury.

Whether the statute has run on a claim is usually a question of law for the judge, but where, as here, the issue involves a factual determination, i.e., what is a reasonable period, the determination is for the jury. *Chittenholm v. Giffin,* 361 Pa. 454, 65 A. 2d 371 (1949); *Chittenholm v. Giffin,* 357 Pa. 616, 55 A. 2d 324 (1947); *Gallagher v. Silver Brook Coal Co.,* 61 Pa. Superior Ct. 1, (1915). That a householder might not soon discover the cause of his blocked drain to be that the pipe had been crushed by a 210 pound section of conduit of whose existence he was not aware, particularly when he, as here, has made efforts, with some degree of apparent success, to locate and cure the stoppage, does not seem to us to be unreasonable. Furthermore, plaintiff points out that the injury here is in the nature of a continuing nuisance giving rise to causes of action so long as it continues. As to this the lower court ruled that any damages which occurred within the peri-

od of the statute of limitations even if caused by defendants' negligence were suffered because of plaintiffs' contributory negligence, and recovery was therefore barred. For reasons similar to those outlined above, we believe that ruling was incorrect. It may be that plaintiff will not be found to be entitled to damages for the entire five years he searched and bailed, but it is for the jury, not the trial judge or this Court, to decide the reasonableness of plaintiff's conduct.

Judgment reversed and a new trial ordered.

---

CONCURRING OPINION BY MR. JUSTICE BELL, July 24, 1959:

I cannot agree with some parts of the Court's Opinion, hence this Concurring Opinion. We agree that mere conjecture or guess do not amount to proof, and a jury's verdict cannot be supported if it is based upon conjecture, guess or sympathy. Whenever a party has the burden of proving certain facts, his evidence tending to prove such facts cannot prevail if, in the opinion of either the Court or of the jury, it is so uncertain, or inadequate, or equivocal, or ambiguous, or contradictory as to make findings or legitimate inferences therefrom a mere conjecture: *Wagner v. Somerset County Memorial Park*, 372 Pa. 338, 341, 93 A. 2d 440; *Musleva v. Patton Clay M. Co.*, 338 Pa. 249, 12 A. 2d 554; *Natvig v. P.R.T. Co.*, 293 Pa. 355, 143 A. 18; *Lithgow v. Lithgow*, 334 Pa. 262, 5 A. 2d 573; *Goater v. Klotz*, 279 Pa. 392, 124 A. 83.

Since the Court has decided to change, in cases of circumstantial evidence, "the only reasonable inference rule" which had been reiterated in at least 18 cases in the last few years, we should attempt to make certain that the new test is accurately expressed. In my judgment that has not been done in the majority Opinion. The adequacy of the evidence is first of all a matter

for the Court and if it passes that test it is then a matter for the jury. In my judgment it would be more accurate if the new rule read as follows:

When a party who has the burden of proof relies— not upon direct evidence, but—upon circumstantial evidence, such evidence, together with all inferences reasonably deducible therefrom, must, in order to prevail, be adequate to establish the conclusion sought and must so *preponderate* in favor of that conclusion as to outweigh any other *reasonable* or possible inference or deduction inconsistent therewith. Cf. *Wagner v. Somerset County Memorial Park*, 372 Pa., supra; *Polk v. Steel Workers Organizing Committee*, 360 Pa. 631, 62 A. 2d 850; *De Reeder v. Travelers Insurance Co.*, 329 Pa. 328, 198 A. 45.

Whether the evidence, if believed, is legally sufficient to satisfy this test is in the first instance for the Court's determination; if the Court is of the opinion that the evidence, if believed, is sufficient, then the Court must submit to the jury the determination of what evidence to believe, and whether in its mind the person who relies on the circumstantial evidence has met and satisfied his burden of proof.

In *Byers v. Bacon*, 250 Pa. 564, 95 A. 711, both the facts and the statute were different from those in the instant case and the *Byers* case is neither a precedent nor, in my judgment, is it applicable to an injury occurring in sub-surface real estate.