## Donovan v. Philadelphia Parking Authority

*W. A. Goichman, Krimsky & Goichman,* for plaintiff.

*E. A. Garabedian,* for defendant.

PIEKARSKI, J., May 3, 1961.—Plaintiff, a business invitee on defendant's premises, brought her action in trespass to recover damages for injury to her toes which were cut when she opened a door on the premises.

She testified that "the door was quite heavy, and it was sort of stuck. I had placed my hand on the handle, but it did not open. I applied a little more pressure, and it swung back. And as it did, it cut over two toes. The door was sharp."

Between the bottom of the door and the floor there was a space of approximately a half inch.

Thereafter, though her foot pained her, she drove her automobile, which had been previously parked in defendant's parking garage, to her home in Haddon Heights, New Jersey, where she lived, and there obtained medical care for her injury.

In the course of treatment that day, the doctor removed "three or four foreign bodies which (he) later determined were pieces of metal, slivers of metal," whose source he could not determine from his examination.

At the close of plaintiff's case, we entered a nonsuit on the ground that no negligence on the part of defendant appeared from plaintiff's testimony. A court en banc unanimously refused to remove the nonsuit.

We agree with every citation which plaintiff, in argument, has presented to us. They range from the proposition that a nonsuit shall not be entered unless the necessity therefor is so clear that minds of reasonable men cannot honestly differ, to the proposition that, if the testimony presents sufficient facts for the jury to say reasonably that the preponderance favors liability, a nonsuit should not be entered. We have read those cases and in every one there is testimony from which negligence was reasonably inferable or directly shown; e.g., Smith v. Bell Telephone Company, 397 Pa. 134; Francis v. Henry, 399 Pa. 369; Cutler v. Dushoff, 192 Pa. Superior Ct. 37.

It is appropriate to say that plaintiff must present proof that defendant transgressed some duty of care required under the circumstances.

We have quoted the testimony of plaintiff and we must view it in the light most advantageous to plaintiff.

Only three instances appear in the record upon which defendant's violation of a duty is sought to be based:

1. "The door was quite heavy, and it was sort of stuck. I had placed my hand on the handle but it did not open. I applied a little more pressure and it swung back. And as it did it cut over two toes."

2. "The door was sharp."

3. "Three or four pieces of metal, slivers of metal of pinhead size," whose source could not be determined were removed by the doctor.

Refer these instances to paragraph 5 of plaintiff's complaint and where do they establish a failure on the part of defendant to have reasonably safe facilities? Is not the edge of every door, unless the edges be round, sharp? From what in this plaintiff's case can there be inferred an unsafe condition of which defendant knew or should have known? Where was there established any need of warning of a condition presenting an unreasonable risk of injury which defendant knew or should have known? What City Ordinance or State Statute has been violated? Wherein has defendant been "otherwise negligent under the circumstances?"

Upon the application "of a little more pressure it swung back. And as it did it cut over two toes." What else would a door do if one's toe would be under the bottom edge of a door as it swings back when "a little more pressure" is used to open it? The same thing would have happened under like circumstances in the case of the court room door which plaintiff referred to at trial, or any other door. In other words, where is the defect of which defendant knew or should have known?

"It was sort of stuck." What does that mean? That the latch—if any—did not open before "a little more pressure" was applied? Wherein is the defect? Should it have opened when plaintiff "placed (her) hand on the handle?" Again, wherein, from the testimony, is the defect? Plaintiff's exhibit no. 1 certainly shows no defect or dangerous condition—nor does the testimony.

To avoid any unnecessary argument, we emphasize, as we did at argument before us, that the nonsuit was entered because plaintiff's testimony showed no breach

of a duty owed by defendant. It *was not* entered on any proposition based on contributory negligence.

### Final Order

We see no reason for the removal of the nonsuit.