Fringer *v.* West York Borough, Appellant.

580 

Argued May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

 

*John F. Rauhauser, Jr.,* with him *Jay V. Yost,* for appellant.

*Nevin Stetler,* with him *Stuart M. Neely,* and *Stetler & Gribbin,* for appellees.

*Russell F. Griest,* with him *Griest & Wiley,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 24, 1966:

Mrs. Doris M. Fringer and her minor son Guy M. Fringer were injured when the car she was driving hit a depression in West King Street, West York, and the car, no longer under the control of the driver, climbed the curb and struck a utility pole. Mrs. Fringer brought two suits against the municipality, averring negligence in maintenance of the thoroughfare. The jury returned verdicts for Mrs. Fringer in her own name and as guardian for her son. The defendant appeals, urging judgment n.o.v. or a new trial.

The municipality argues strenuously that the accident could not have happened in the way described by Mrs. Fringer and her witnesses; also that Mrs. Fringer was guilty of contributory negligence in not seeing the street defect which she claims caused the accident. The hole was variously described as being the size of a manhole and as measuring some 18 inches in length, 10 to 12 inches in width and four inches in depth. There was evidence that, at the time of the accident, water filled and covered the cavity in such a manner as to make it inconspicuous and indeed even invisible, the surface of the muddy liquid blending with the general appearance of the surface of the road. One of the passengers in the car testified that he had seen this defect in the street only four days prior to the accident and he knew that it was this very defect into which one of the wheels of the car dropped. There was also evidence that the hole had been in existence for some two or three months prior to the mishap, thus satisfying the requirement of constructive notice to the municipality.

The defendant maintains that all the causative factors for the accident presented by the plaintiff did not

exclude other explanations for what happened. A plaintiff is not required to explain away a possible paradox or a chance freakish combination of circumstances, if the evidence he does present logically, clearly and sensibly answers the question as to what caused him to be injured. *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, is a landmark decision on this phase of the law: "It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant."

The defendant argues further that the plaintiff could not have lost control of the car simply because one wheel dropped into a hole in the street. Mrs. Fringer testified that she was jolted and had a "feeling of shock" when her "right front wheel went down." Another witness testified to seeing the plaintiff "really fight with the wheel, both hands" in an attempt to regain control of the steering. There was nothing so inherently improbable or so opposed to common experience in this explanation that a duty devolved upon the judge to overrule the jury's finding that the accident happened in the manner outlined by the plaintiff and her witnesses.

We are satisfied from a reading of the record that the two verdicts were justified by the facts and that there were no trial errors which would warrant a new trial.

Judgments affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The plaintiff never testified that she saw the defect in the road either before or after the accident.

did she testify that the defect in the road caused
the accident. Neither did any other witness so testify.
Hence, the record is barren of any causative testimony.
Although the Borough may have been negligent in per-
mitting the hole to remain in the street, there is no
testimony that the plaintiff's tire actually struck the
hole. The record does not demonstrate that the negli-
gence of the Borough was the proximate cause of the
accident.

The notes of testimony recite the difficulty that
plaintiff's counsel had in trying to develop the neces-
sary causation testimony. He was not successful.
Thus, in order to affirm, it becomes necessary for the
Majority to supply the evidence of causation—which it
does.

I dissent and would enter judgment n.o.v.

Mr. Chief Justice BELL joins in this dissenting opin-
ion.