Chester **RIDDLE**, Appellant,

v.

**Louis DATKO and Nancy Datko.**

No. 18966.

United States Court of Appeals, Third Circuit.

Argued April 1, 1971.

Decided Sept. 15, 1971.

George J. O'Neill, Philadelphia, Pa. (Richter, Syken, Ross, Binder & O'Neill, Philadelphia, Pa., on the brief) for appellant.

Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee.

Before FORMAN, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant, Chester Riddle of Mercerville, New Jersey, and his wife, spent the afternoon of Thanksgiving Day, November 26, 1965, with his daughter and son-in-law, Nancy and Louis Datko, the appellees, and his ten grandchildren, aged two to twelve years, in their home in Ardmore, Pennsylvania. After helping with the preparation of the customary festive dinner, Mr. Riddle engaged in a grandfatherly romp with some of the children, during which, unfortunately, he fell and suffered a serious injury.

Subsequently he brought a diversity negligence action against Mr. and Mrs. Datko in the United States District Court for the Eastern District of Pennsylvania which came before a jury and was intended to determine only the liability aspect. At the trial appellant testified that he lost consciousness immediately upon falling and recalled nothing until he regained it in a hospital. There was testimony that after appellant had fallen, his body was on the wall-to-wall carpet of the dining room and his feet on the rubber tile of the adjoining breakfast room. Appellant called the Datkos as adverse party witnesses, and as on cross-examination, Mr. Datko testified that he had waxed the rubber tile floors of his kitchen and breakfast room the night before "in the very same manner as everybody else would wax." There was, however, no proof of a dangerous condition of the waxed floor, of what caused the fall, nor of any fact from which the

jury could reasonably have drawn an inference of negligence upon the part of the Datkos. The Trial Judge granted a motion for a directed verdict in favor of the Datkos under F.R.Civ.P. 50(a), and this appeal followed.

Appellant does not challenge the circumstances as stated above but, relying heavily on Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477 (1959), insisted that since appellant had no recollection of the cause of his fall, the Datkos were "in a better position to explain the accident," should have warned appellant that the floor had been recently waxed, and should have been required to submit "their competing contentions to a jury." But the Datkos did testify at appellant's behest and their version of the circumstances of the waxing lent no support to appellant's charge. The Trial Judge, convinced that there was a "glaring" absence of proof (1) that wax caused the fall and (2) that the waxed floor was a dangerous condition that required a warning, properly rejected appellant's arguments and found his reliance on Smith v. Bell Telephone Co. misplaced. As in the instant case the issue in *Smith* in the trial court revolved on the granting of a compulsory non-suit after presentation of plaintiff's evidence. Logically the Supreme Court of Pennsylvania found in *Smith* that more than "the happening of an accident" had been shown with plaintiff's proof that the injury was caused by an underground conduit of the defendant Bell Telephone Company crushing a sewer lateral, leaving the question "did defendants' negligence cause the conduit so to behave?" In reversing the judgment the court ruled that the plaintiff had made out a prima facie case in that the evidence he had presented was such "that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by the plaintiff and not that that conclusion must be the only one which logically can be reached." at p. 138, 153 A.2d at p. 479. Other citations by appellant proved equally inapposite, for there was simply no evidence

in the instant case from which the jury could make an " * * * intelligent choice among permissible inferences. * * * " *

The order of the United States District Court for the Eastern District of Pennsylvania of April 17, 1970, directing a verdict in favor of the appellees, Louis and Nancy Datko, will be affirmed.

Jim C. Garrison, Dist. Atty., Parish of Orleans, New Orleans, La., Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

* Cf. Rumsey v. Great Atlantic and Pacific Tea Company, 408 F.2d 89, 91 (3 Cir. 1969).

