Nationwide Mutual Insurance Company,
Appellant, *v.* Mazza.

Argued December 3, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ.
(VAN DER VOORT, J., absent).

*Francis T. Sbandi,* with him *Fronefield, deFuria and Petrikin,* for appellant.

*William C. Beatty,* with him *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY CERCONE, J., March 31, 1975:

Plaintiff, Nationwide, appeals the order of the court below granting defendant's motion for judgment n.o.v.

This case involves a fire which occurred in an apartment which was insured by Nationwide. Nationwide paid for damages caused by the fire and then, as subrogee, sued the insured's son, the defendant herein, claiming that the fire was caused by his negligence. Nationwide contends that during a visit to his mother's apartment the defendant started the fire on the living room couch while smoking a cigarette.

Basically the facts of the case are as follows. On the day of the fire the defendant's mother, Mrs. Mazza, arrived at her apartment between 4:30 P.M. and 5:00 P.M. Although she could not recall if she smoked any cigarettes at all that evening, she was certain that if she did it would have been before 5:00 P.M. At approximately 7:00 P.M. a Mr. Massey came to the apartment to pick up Mrs. Mazza for a date. They immediately left and locked the door. Although Mr. Massey smokes, Mrs. Mazza did not know if he smoked on that occasion. Mr. Massey did not testify at trial. Between 7:15 P.M. and 7:30 P.M. the defendant entered the apartment to visit his mother. It should be noted that only the defendant and his mother

had keys to the apartment. The defendant stayed at the apartment less than fifteen minutes and then left, locking the door.

A crucial factual question at trial and on this appeal is whether the defendant smoked while at the apartment. At trial the defendant testified that he could not remember if he smoked at that time or not. This testimony, however, is inconsistent with the testimony of two other witnesses. Fire Chief John Gorman, who extinguished the fire, testified that the defendant told him at 8:30 P.M., after the fire was extinguished, that while he was at the apartment earlier that evening he had smoked while sitting on the couch and playing with the dog. A claims adjuster testified that the defendant made that same admission to him the day after the fire.

By coincidence Chief Gorman was about 200 yards from the apartment when he was alerted of the fire and within a few minutes he arrived at the apartment and extinguished the fire with a portable fire extinguisher.[1] Chief Gorman then investigated the fire and at trial gave his expert opinion that the fire originated in the cushion of the couch and was caused by either a spark or a cigarette. The defendant stipulated to the Fire Chief's qualifications.

Based on the above evidence the jury returned a verdict in favor of Nationwide. Defendant submitted motions for a new trial and for judgment n.o.v. The lower court granted the motion for judgment n.o.v. stating that there were not sufficient facts produced at trial to send the case to the jury and that reasonable inferences existed that someone else who was smoking caused the fire and these inferences were not outweighed by Nationwide's evidence. We disagree.

It should be first noted that when reviewing a decision concerning a motion for judgment n.o.v. we must

---

1. Chief Gorman was alerted of the fire approximately at 8:20 P.M.

view the evidence and the inferences therefrom in the light most favorable to the verdict winner. *Costello v. Fusco,* 191 Pa. Superior Ct. 641, 643 (1960). In the instant case, the evidence is almost entirely circumstantial and the standard to be used in determining the sufficiency of circumstantial evidence in order to sustain a verdict has not always been clear in Pennsylvania. The case of *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134 (1959) discussed the various standards used in the past and specifically disapproved the formula that "the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reasonable inference the conclusion plaintiff advances."[2] It could be reasonably assumed that the lower court used this, or a similar formula, in arriving at its conclusion.

After rejecting the above formula, the Pennsylvania Supreme Court in the *Smith* case, supra, set forth the following standard: "We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. *Schofield v. King,* 388 Pa. 132, 136, 130 A.2d 93 (1957) ; *Connor v. Hawk,* 387 Pa. 480, 482, 128 A.2d 566 (1957) ; *Ebersole v. Beistline,* 368 Pa. 12, 16, 82 A.2d 11 (1951). Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the *only* one which logically can be reached." 397 Pa. at 138.

---

2. For cases supporting this rule see *Smith v. Bell Telephone Co. of Pennsylvania,* supra, n. 1 at 137 and 138.

The above standard was likewise adopted by this court in the case of *Connelly Containers, Inc. v. Pennsylvania Railroad*, 222 Pa. Superior Ct. 7 (1972).

Applying the *Smith* standard to the facts of the instant case it is abundantly clear that the jury could have reasonably concluded from the evidence presented, without resort to prejudice or guess, that the defendant was indeed negligent. The record contains ample evidence from which the jury could have found that the defendant entered the apartment, smoked a cigarette on the couch and in so doing caused the fire. While it is true that the fire could have conceivably been caused by the cigarette smoking of either Mrs. Mazza or Mr. Massey, the jury did not so find, and it is inappropriate for the court to second guess the jury so long as the jury had reasonable evidence on which to base its verdict. As was said in the *Smith* case, supra: "The right of a litigant to have the jury pass upon the facts is not to be foreclosed just because the judge believes that a reasonable man might properly find either way. A substantial part of the right to trial by jury is taken away when judges withdraw close cases from the jury." 397 Pa. at 139.

Therefore the order granting defendant's motion for judgment n.o.v. is reversed.