433 A.2d 77

Torrey MUELLER, a minor, by his parent and natural guardian, Donald Mueller and Donald Mueller, in his own right, Appellants,

v.

John MACAULAY, D.D.S.

Superior Court of Pennsylvania.

Argued Jan. 19, 1981.

Filed July 31, 1981.

Allen L. Feingold, Philadelphia, for appellants.

Kevin H. Wright, Philadelphia, for appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

DiSALLE, Judge:

The issue before us is whether the lower court erred in granting judgment in favor of the defendant-appellee and against the plaintiffs-appellants in this medical malpractice action, based on the court's reasoning that the complaint was not filed within two years after the plaintiffs' cause of action arose.

On October 27, 1977, the defendant, a pediatric dentist, examined the minor plaintiff (who was 14 months old at the time) and discovered that the upper anterior teeth of the child were decayed. The defendant recommended certain corrective measures and advised the parents to return if the problem persisted. On November 15, 1977, the defendant examined the infant again and advised that it would be necessary to crown the child's teeth. This procedure was performed on December 15, 1977, the defendant inserting stainless steel crowns on the infant's teeth. Immediately following the operation, the parents of the minor called the defendant and said they were dissatisfied with the stainless steel crowns because of their appearance. Four days later they took their child to Dr. Manuel Album, D.D.S. to determine whether or not the stainless steel caps could be replaced with natural-appearing polycarbonate crowns. On March 9, 1978, Dr. Album removed the stainless steel crowns and replaced them with polycarbonate crowns. The plaintiffs suit was filed on March 4, 1980. The defendant filed an answer and new matter raising the bar of the statute of limitations.[1] With respect to the statute of limitations, the defendant claimed that any negligence on his part should have been discovered no later than December 19, 1977, when the plaintiffs took their son to Dr. Album. In reply to the

1. The Statute of Limitations for personal injury actions is two years. 42 Pa.C.S.A. § 5524.

new matter, the plaintiffs alleged that they did not discover the defendant's negligence until March 9, 1978, when Dr. Album replaced the stainless steel crowns with the polycarbonate crowns.

. After the pleadings were closed the defendant filed a motion for judgment on the pleadings and attached to his motion a copy of a letter from Dr. Album to plaintiffs' attorney dated March 22, 1978, which letter, according to the defendant, established as a matter of fact that the parents of the minor plaintiff knew or should have known of the defendant's alleged negligence as of December 19, 1977.

As noted, the court below entered judgment in favor of the defendant, electing to treat defendant's motion for judgment on the pleadings, Pa.R.C.P. 1034, as one for summary judgment, Pa.R.C.P. 1035, because of the inclusion of Dr. Album's letter in the defendant's motion (which letter, according to the lower court, was "not denied" by the plaintiffs).[2]

Although the plaintiffs' pleadings are not artfully drawn, the gist of the plaintiffs' complaint appears to be that they were advised by the defendant that the only way in which their son's condition could be corrected was by the use of the stainless steel crowns. They claim that they were informed that it could not be determined whether or not polycarbonate crowns could be used until the actual surgical procedure took place, and that this procedure was not performed by Dr. Album until March 9, 1978. Plaintiffs claim that it was not until this date that they had knowledge that it would have been possible to correct their son's condition with the use of polycarbonate crowns rather than stainless steel crowns.

■ In our view, it was clearly error for the court below to have entered summary judgment in favor of the defendant on the state of this record. We see nothing in Dr. Album's letter of March 22, 1978, indicating that he told the

2. Because of our disposition of this case we will not comment upon the lower court's treatment of appellee's motion for judgment on the pleadings as a motion for summary judgment.

minor's parents on December 19, 1977, that polycarbonate crowns, rather than stainless steel crowns, could have been used on their son. Therefore, the issue of when appellants knew or should have known of appellee's negligence remains to be resolved. See *Smith v. Bell Telephone*, 397 Pa. 134, 153 A.2d 477 (1959). Furthermore, the letter does not establish *as a fact* that the discussion had, in fact, occurred.

■ Dr. Album's letter also failed to support the lower court's entry of judgment because it was without a supporting affidavit and should not have been considered. *Ritmanich v. Jonnell Enterprises, Inc.*, 219 Pa.Super. 198, 280 A.2d 570 (1971).

In view of the foregoing, it was error to enter judgment in favor of the defendant and that judgment is hereby vacated and set aside and the case remanded.

POPOVICH, J., concurs in the result.