**KANE GAS LIGHT AND HEATING COMPANY, Plaintiff,**

v.

**PENNZOIL COMPANY, Defendant.**

**Civ. A. No. 82–51 Erie.**

United States District Court,
W.D. Pennsylvania.

Oct. 25, 1982.

John A. Bowler, Erie, Pa., for plaintiff.

Louis Emanuel and Samuel W. Braver, Pittsburgh, Pa., for defendant.

MEMORANDUM

WEBER, District Judge.

On February 2, 1982, plaintiff filed a lawsuit alleging, *inter alia,* a trespass

and/or invasion to the sub-surface oil and gas sands of plaintiff by the defendant. The trespass is alleged to have occurred as a result of the defendant commencing the injection of water pressure via its water-flood operations. This court now considers whether plaintiff's cause of action in trespass is barred by the appropriate statute of limitations.

Defendant has filed a motion for partial summary judgment with supporting affidavits and has presented a brief in support of its motion. The defendant, by its motion, requests a dismissal of the trespass portion of plaintiff's claim for failure to file within the two year period of the statute of limitations,[1] or a dismissal in part by limiting damages to two years prior to the date of filing of plaintiff's lawsuit on February 2, 1982. Defendant maintains that the plaintiff had strong suspicions of an alleged trespass at least four years prior to initiating its lawsuit, and in any event, the plaintiff was able to obtain specific knowledge of whether there was a trespass in 1977 or 1978.

Plaintiff opposes the motion for summary judgment on two grounds. First, the alleged trespass constitutes a continuing trespass and is not barred by the statute of limitations where the trespass continued to the filing of the complaint. Second, the plaintiff is unable to properly oppose defendant's motion since discovery has not been completed which might enable it to more effectively answer defendant's motion.

■ As to the second ground, it is no response to a motion for summary judgment that discovery has not been completed. Rule 56(f), however, authorizes the court, under a properly supported motion, to defer consideration of a motion for summary judgment to afford the opposing party an opportunity to seek discovery in support of his opposition. There must be a specific showing of the reasons and extent of discovery required. The argument that the discovery time is insufficient to properly oppose this motion does not touch the sensibilities of the court for the following reasons. The court, as a matter of practice, will consider and generally grant an extension of time to respond upon the prompt and specific motion of counsel that time or discovery is needed to prepare a response to the motion. It must be noted that a party may move for summary judgment at any time. Under Rule 56(e) the adverse party must then respond setting forth specific facts showing that there is a genuine issue for trial. However, since we disagree with the statute of limitation argument raised by the defendant, and will deny the motion for summary judgment for the reasons set out below, we need not consider plaintiff's second argument.

■ The court now turns to defendant's motion for summary judgment and its contention that all or part of plaintiff's claim in trespass is barred by the statute of limitations. In considering a motion for summary judgment this court must first determine whether a genuine issue of fact exists that would preclude a motion for summary judgment. In viewing the affidavits presented by the parties in support of their respective positions, it is apparent that a genuine dispute exists as to the facts.

The defendant maintains that the "clear and unequivocal" interpretation of the deposition testimony of plaintiff's officers and employees indicates that the plaintiff was aware that a trespass was occurring as early as 1976. Plaintiff, by the supplemental counter-affidavit of John W. English, President of the plaintiff corporation, responds that Kane Gas had no knowledge ‚that Pennzoil was injecting water into the input wells along the east line of the E.A. Johnson parcel until December 19, 1977. The plaintiff became aware of the input of water when John Bowler of Kane Gas made a direct inquiry into the status of certain wells.

---

1. 42 Pa.C.S.A. § 5524 provides in relevant part:
   The following actions and proceedings must be commenced within two years:

   (4) An action for waste or trespass of real property.

It is clear that a dispute exists as to precisely when Kane Gas became aware of the alleged trespass, defendant maintains that suspicions and accusations developed as early as February 1976, and plaintiff admits to such knowledge as of December 1977. It should be noted that even if plaintiff's recollection is adopted, plaintiff's discovery still falls beyond the two year limitation period. However, plaintiff further contends that as of February 3, 1978, Kane Gas had been given assurances that no water would reach plaintiff's property. *See* Plaintiff's Response to Defendant's Motion for Summary Judgment, page 8. Plaintiff, in the same affidavit of John W. English, later characterizes this assurance as a misleading representation by Harlan Danielson of Pennzoil. Consequently, according to the plaintiff, clear discovery of the injury caused by defendant's alleged actions,[2] was not made until water had reached the Gavin-Well Number 8, in November 1981. *See* Plaintiff's Response to Motion for Summary Judgment with affidavit, page 8, ¶ 3.[3] Plaintiff, as mentioned, has also averred that the trespass continues to the present.

In applying the appropriate time limitation, therefore, the court considers two dates of significance; December 19, 1977, the date of plaintiff's admitted discovery, and November 1981, the date of plaintiff's discovery of actual injury at Gavin-Well No. 8.

The defendant suggests that the statute begins to run in early 1976, or at the latest on December 19, 1977 and that plaintiff's entire claim is barred as a matter of law. The plaintiff has responded, however, that it received assurances as late as February 3, 1978, that "not much water" would reach plaintiff's property. Whether such representations were made by agents or employees of Pennzoil, or whether Kane Gas was reasonably justified in relying on them is a question of fact that must be reserved for the trier of fact. But the import of plaintiff's response, nevertheless, suggests that while it may have known of the water being pumped on December 19, 1977, it was not aware of plaintiff's sub-surface invasion of its own wells until some time later.

Defendant asserts another basis for use of the earlier date in applying the statute of limitations. Defendant contends that plaintiff was under a duty to use reasonable diligence to discover the trespass in or around 1976 or 1977. Defendant offers various cases in support of its argument. In further support it offers the deposition of A.L. Richard who testifies that plaintiff, at a cost of $25,000, could have discovered any alleged trespass by the installation of a borehole. The drilling of a borehole presumably would have allowed plaintiff to compare the chloride content of water on plaintiff's land (Bradford third sand) with that injected by Pennzoil into the input wells. Plaintiff responds that Mr. Richard's affidavit is silent as to what differentiation in chloride content would be ascertainable. In any event, the court considers the ability *vel non* of plaintiff to have discovered the trespass an issue of fact and, likewise, measures to be taken by plaintiff in accord with its purported duty to exercise reasonable diligence cannot be determined without development of a complete factual record. Accordingly, this court cannot grant defendant's motion as a matter of law through an application of the two-year statute of limitations commencing December 19, 1977.

■ Furthermore, the court recognizes that a statute of limitation will not bar an action in trespass, even where the trespass is discovered by the injured party beyond the period of the statute, where the wrong continues to the present.

Defendant relies upon *Lewey v. H.C. Frick Coke Co.,* 166 Pa. 536, 31 A. 261 (1895) for the proposition that the statute of limi-

---

2. It should be further noted that defendant has denied any invasion and/or trespass by its answer, and continues to deny the same. Defendant's Motion for Summary Judgment, page 2.

3. Plaintiff points out that this discovery was supplemented by the examination of aerial maps in April 1982, which alerted plaintiff to the possible improper location of wells which could constitute further instances of trespass.

tations begins to run when a sub-surface trespass is or ought to have been discovered. The *Lewey* case, however, does not involve a continuing trespass. In citing *Smith v. Bell Telephone Co. of Pa.,* 397 Pa. 134, 153 A.2d 477 (1959), as authority for the current vitality of *Lewey,* the defendant overlooks a specific exception made by the Pennsylvania Supreme Court in its holding in *Smith.* The court noted that a continuing wrong would give rise to a continuing cause of action unless the cause of the continuing wrong was traceable to plaintiff's contributory negligence, and this the court determined was a question for the jury. The court stated:

... plaintiff points out that the injury here is in the nature of a continuing nuisance giving rise to causes of action as long as it continues. As to this the lower court ruled that any damages which occurred within the period of the statute of limitations even if caused by defendant's negligence were suffered because of plaintiff's contributory negligence, and recovery was therefore barred. ... [W]e believe that ruling was incorrect. It may be that plaintiff will not be found to be entitled to damages for the entire five years he searched and bailed, but it is for the jury, not the trial judge or this court, to decide the reasonableness of plaintiff's conduct. *Smith,* 397 Pa. 134, 142, 153 A.2d at 482.

In *Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.,* 167 Pa. 136, 31 A. 484 (1859), discussed by the defendant, the facts are similarly distinguishable in their failure to involve a continuing trespass. Several courts, on the other hand, have held in cases dealing with continuing wrongs that the statute of limitation does not start to run until the wrong has ceased. *See e.g., Stuebig v. Hammel,* 446 F.Supp. 31 (M.D.Pa. 1977) (applying Pennsylvania law).

As to defendant's request in its motion to limit damages to the period allotted under the statute of limitations, that being February 3, 1980, the court will not impose such a limitation on damages by this motion for summary judgment. The court recognizes that the prevailing view seems to be that a

continuing trespass upon real property creates separate causes of action which, accordingly, can be barred by the running of the statute against successive trespasses. *See, e.g. Casebeer v. Mowry,* 55 Pa. 419 (1867); *Whetstone v. Bowser,* 29 Pa. 59 (1857); 75 Am.Jur.2d *Trespass* § 65 (1974); 1 Am.Jur.2d *Actions* § 152 (1962). However, the foregoing discussion indicates that substantial disagreement exists as to when plaintiff knew of the alleged trespass, when it knew of actual injury caused by the alleged trespass, or whether defendant made certain representations as to the nature and/or extent of the alleged trespass. Defendant is free to reassert its position on the limitation of damages when the factual record becomes more fully developed.

Accordingly, defendant's motion for summary judgment based on the statute of limitations will be denied.