BOWMAN, J.,
— Was there sufficient competent evidence in this case to support a jury verdict which found defendant’s decedent to have been negligent in causing a fire which damaged plaintiff’s property? This is the issue raised by defendant’s motion for judgment notwithstanding the verdict.
The essence of defendant’s contention is that even if one views the evidence most favorable to the verdict winner and accepts all reasonable inferences to *381 be taken therefrom, plaintiff has failed to make out a case of negligence on the part of defendant’s decedent, a burden which must be met by plaintiff to sustain the verdict: Mamic v. Pittsburgh & West Virginia Railroad Company, 341 Pa. 486 (1941).
In many respects, this case is unusual, and plaintiff’s proofs of the essential elements of negligence are, in part, dependent upon opinion testimony, circumstantial evidence and inferences to be taken therefrom. Counsel has afforded to us no decisions having comparable facts and our research has disclosed none.
Defendant’s decedent, the alleged negligent actor, perished in the fire he is charged with causing. It is undisputed that in the early morning hours of May 17, 1967, a fire broke out in the first-floor apartment of decedent at 1113 North Second Street in the City of Harrisburg. Plaintiff, who owned the building and resided in a second-floor apartment, was aroused by smoke, discovered the fire and summoned firemen. After the fire had been quelled, an investigation disclosed the bodv of decedent, clad in a “T” shirt and sports, on the floor of the rear room of the apartment. He had died of asphyxiation and his body bore first and second degree burns caused by heat. The fire itself was confined to the front (living) room of the apartment, although it was sufficiently intense to have caused paint blistering and smoke damage to the other rooms of the apartment. The Chief of the Harrisburg Fire Bureau and a State fire marshal both expressed the opinion that the fire had originated on or in a sofa located in the front (living) room of the apartment and testified that direct actual fire damage was confined to the sofa, the flooring under the sofa and the wall to its rear. Their opinion as to the point of origin of the fire is based upon adequate factual foundation and is not seriously disputed.
*382 Defendant does, however, dispute the adequacy of the evidence which could support the jury finding that defendant’s decedent was the actor who caused the fire or that his conduct was negligent, contending that these essential issues could be resolved by the jury only by speculation or surmise. Plaintiff’s proofs of these disputed points are, in part, based upon opinion evidence and circumstantial evidence.
In Marrazzo v. Scranton Nehi Bottling Company, 422 Pa. 518 (1966), a fire case in which opinion and circumstantial evidence were relied upon by plaintiff in proof of defendant’s negligence, it was said, pages 525, 526 and 529:
Tt is hornbook law that the factfinder, whether it be a jury or the court, may not be permitted to reach its verdict or decision merely on the basis of guess or conjecture but that there must be evidence, direct or circumstantial, upon which logically its conclusion may be based: Smith v. Bell Telephone Co. of Penna., 397 Pa. 134, 138, 153 A. 2d 477 (1959), and authorities therein cited. See also: Cuthbert v. Philadelphia, 417 Pa. 610, 615-616, 209 A. 2d 261 (1965). Such a rule . . means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the only one which logically can be reached’: Smith v. Bell Telephone Co. of Penna., supra, p. 138. The facts are for the jury [the fact finding tribunal] in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant’: Smith v. Bell Telephone Co., supra, pp. 138-139. Moreover, as Mr. Justice Eagen stated in Cuthbert v. Philadelphia, supra, at pp. 614-615: ‘. . . it is not necessary that plaintiff prove *383 with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities, [citing an authority], but he must ehminate those other causes, if any, as were fairly suggested' by the evidence: (citing authorities).’
. . Proof to a degree of absolute certainty is rare in any litigated factual controversy and the law sensibly requires only that the evidence as to the operative cause of the injury be such as to satisfy reasonable and well-balanced minds that it was the one upon which the plaintiff relied: Liguori v. Philadelphia, 351 Pa. 494, 498, 41 A. 2d 563 (1945); Pinkshaw v. Cambria Township, 170 Pa. Superior Ct. 213, 218, 85 A. 2d 693 (1952).”
We shall first consider the record to determine whether there was sufficient evidence from which the jury could have reasonably concluded, without resort to guess or conjecture, that defendant’s decedent was the actor whose acts caused the fire.
Decedent was the sole tenant of the apartment in question. On the preceding evening at approximately 9:20 p.m., he had met his wife, with whom he was not then cohabiting, and together they dined and later attended a political club only a few blocks from decedent’s apartment for the purpose of hearing the election returns. They arrived there about midnight. After “a couple of hours” decedent left the club without advising his wife where he was going. Plaintiff, at approximately 2 a.m., while preparing to retire in her second-floor apartment, heard a door open downstairs but could not identify which of three doors it was. She then fell asleep and was awakened around 3:15 a.m. by the smell of smoke. Upon investigation, she found the hallway filled with smoke, called down *384 stairs to decedent but received no response, phoned for the fire department, and because of the heavy smoke fled the building by a rear stairway. As previously noted, decedent’s body was found in the apartment after the fire was extinguished.
We are convinced that this evidence, primarily factual, is sufficient in both quality and quantity to permit a reasonable inference to be reached that decedent was the sole occupant of the apartment on the night in question within the space and time limits consistent with the place of origin and nature of the fire and the damage it caused. It does not, of course, exclude all other possibilities, such as another person also being present in the apartment. While such a possibility is not inescapable in the abstract, there is nothing in the record fairly suggesting such a possibility. In fight of this record, we do not believe that the jury acted upon speculation or conjecture but rather upon a reasonable inference from the facts that led it to the conclusion decedent was the sole occupant.
Believing that the jury could have reasonably inferred that decedent was the sole occupant of the apartment during the crucial time period, could it have also reasonably concluded that decedent, after returning to the apartment, engaged in an act of smoking and incident thereto acted negligently, causing the fire in question?
In addition to the evidence as to tne place of origin of the fire, its scope and resulting damage to the apartment and in the death of decedent by asphyxiation, the record discloses that decedent smoked cigarettes,[1] that ashtrays found in the apartment were filled with discarded cigarettes and cigarette burns *385 were discovered on furniture and the floors of several rooms of the apartment.
This brings us to the testimony estabhshing a factual foundation for and the expression of expert opinions as to the cause of the fire. On this point, the fire chief testified that the investigation conducted by himself and a State fire marshal in and around the area of the point of origin of the fire disclosed facts, testified to in some detail, that eliminated as possible causes of the fire such things as defective heating system, defective wiring, electrical outlets, appliances or lamps, volatile liquids or gas and the possibility of spontaneous combustion or arson. Based upon this testimony and his opinion as to the point of origin of the fire, the fire chief then expressed the opinion that the fire in question was caused by one of three things, a dropped cigarette, a dropped match or a spark from a smoking device such as a pipe.
Defendant strenuously objected to this expressed opinion upon the grounds that there was no direct evidence that any person was at or about the sofa in question at the time, nor that a cigarette, match or smoking device was being employed at the time. The objection was overruled. This was followed by testimony of the State fire marshal who similarly testified as to the investigation and the elimination of numerous possible causes of the fire. He then expressed the opinion based on this factual background that the fire was started either by a carelessly dropped cigarette, a match or smoking device of some kind.
Defendant again objected to such an expressed opinion, which objection was sustained for the reason that in opining that something had been dropped carelessly, the witness improperly invaded the province of the jury on the very issue for its determination. The trial judge then instructed the jury to disregard this *386 particular opinion. No present objection exists as to this ruling, nor to the action taken by the trial judge after sustaining the objection.
From this evidence, considered together with that previously recited, could the jury have reasonably inferred that decedent within permissible time and space limits engaged in an act of smoking on or about the sofa, the place of origin of the fire, and incident thereto acted without due care, causing the fire in question? There is no direct evidence that decedent did smoke, or if it can reasonably be inferred that he did, that he acted negligently incident thereto. There is, however, expert opinion supported by adequate factual foundation (a) that assigns as the cause of the fire a dropped cigarette, match or sparx from a smoking device, and (b) that ehminates most, if not all, other possible causes of the fire that did occur.
In addition to Marrazzo, supra, there are a number of cases in which our appellate courts have been called upon to review the quality of plaintiff’s proofs in fire damage claims based, in part, upon expert testimony or circumstantial evidence, or both.
In Propert v. Flanagan et al., 277 Pa. 145 (1923), sparks from a dump fire allegedly set fire to plaintiff’s nearby building without direct evidence of burning material or sparks being carried onto plaintiff’s property and with evidence of another open fire in the vicinity. It was said in sustaining a verdict for plaintiff, page 146:
“The law does not require proof by direct evidence that a fire was caused in a particular way, but it is necessary to establish not only that it could possibly come from the cause assigned, but that was the probable and natural cause. This may be shown by circumstantial as well as direct evidence. If there are other independent causes present from which the fire might have originated, the plaintiff must show *387 defendant’s acts or omissions produced the injury; the other possible causes must be ehminated.”
Ten Ten Chestnut Street Corporation v. Quaker State Coca-Cola Bottling Co., 186 Pa. Superior Ct. 585 (1958), was a trespass action brought to recover damages to a building caused by a fire allegedly resulting from a defective part in a vending machine owned and maintained by the defendant on the plaintiff rs premises. Plaintiff relied upon the testimony of an expert. The court, in upholding a verdict for plaintiff, stated, pages 593-94:
. . It was for the jury to determine whether or not the defendant had exercised reasonable care in the maintenance and operation of the vending machine. This is particularly so when there was no evidence produced by either side to the effect that the fire could have been caused by defective electrical connections occurring outside of the machine. Defendant, however, contends that the jury was permitted to pass on negligence based only upon the conjecture of the experts as to the origin and cause of the fire. But as stated by the court below and in which we concur, this was not conjecture but sound scientific reasoning in attempting to establish the origin and cause. See Brueckner v. City of Pittsburgh, 368 Pa. 554, 84 A. 2d 197.”
In Costanzo v. Jim Belcher Buick, Inc., 189 Pa. Superior Ct. 136 (1959), fire broke out in the interior of plaintiff’s car while in defendant’s business place and in which car defendant had hung a light fixture on a bracket extending across the interior car ceiling. There was both lay testimony and expert opinion as to the origin of the fire and expert testimony as to its cause. An expert who investigated the fire found a bracket and remains of the light fixture behind the rear seat of the burned out car and was of the opinion that the bracket to which the light fixture was at *388 tached had fallen upon the rear seat, the light bulb broken and its wires contacting the seat fabric causing the fire. There was no direct evidence that the bracket or light fixture was defective or that it had been improperly installed. The court said, pages 139 and 140:
“The jury was entitled to hear the testimony of this expert whose experience and knowledge in the causes of fires was far superior to that of ordinary laymen. This testimony was not a guess or conjecture but was deducible as a reasonable inference from the facts and conditions proved. Mars v. Philadelphia R. T. Co., 303 Pa. 80, 154 A. 290. Where the evidence points to a certain cause which would make defendant liable, plaintiff will not be denied redress merely be cause there may be some other possible cause for the accident. In such case the question is for the jury. Foley v. Pittsburgh Des Moines Company, 363 Pa. 1, 68 A. 2d 517. Where there is doubt as to the inference to be drawn from the evidence, the question of negligence is properly for the jury. Aquadro v. CrandallMcKenzie & Henderson, Inc., 182 Pa. Superior Ct. 435, 128 A. 2d 147; Dillon v. Wm. S. Scull Company, 164 Pa. Superior Ct. 365, 64 A. 2d 525; Russo v. Pittsburgh Railways Co., 164 Pa. Superior Ct. 396, 64 A. 2d 666. Such evidence of negligence may be shown by circumstantial or direct evidence. Trostel v. Reading Steel Products Co., 152 Pa. Superior Ct. 273, 31 A. 2d 909.
“. . . Just which happened would be a question for the jury to decide if sufficient evidence of negligence was produced to permit the case to go to the jury. We are of the opinion that this was a proper case to submit to the jury.”
Reviewing this record consistent with these pronouncements, we are fully convinced that plaintiff’s evidence was sufficient in nature and quality to establish the sofa as the place of origin of the fire, to permit *389 the jury to reasonably infer that decedent was the sole occupant of the apartment during the crucial time, to also reasonably infer that he was the actor whose act of discarding a cigarette, match or spark whereby the same fell in or on the sofa caused the fire in question. It was not necessary for the jury to guess or speculate in reaching such conclusions, and while the evidence does not exclude all other possibilities, the conclusions reached are consistent with the reasonable inferences to be taken from the evidence.
But can we also say that the jury could reasonably conclude that decedent acted negligently, the ultimate determination it was required to make in finding for plaintiff? While we are not as strongly convinced that plaintiff’s evidence in this regard as unerringly points to want of due care on decedent’s part, we do believe that there is sufficient evidence from which the jury could have reasonably inferred such conduct. This same issue was present in Costanzo, supra, on a record which was also devoid of direct evidence of negligence. It was there said that the question of negligence was for the jury. We are of the opinion that the same is true in the instant case.
Defendant also filed a motion for new trial, alleging several trial errors. The first involves the correctness of the trial judge’s ruling in not excluding the opinion testimony of the fire chief as to the cause of the fire. It is argued that his testimony expresses only an opinion as to what might have caused the fire, not what did cause it. The record discloses the following:
“Q. Based on all your testimony that you have given here, I will ask you if you have an opinion as to what could have started the fire?
“A. Yes, sir.
“MR. KNAUSS: I object, Your Honor.
“THE COURT: Objection sustained. It is not what could have started the fire.
*390 “BY MR. FOERSTER:
“Q. Do you have an opinion based on all your testimony as to what caused the fire?
“A. Yes, sir.
“Q. And what is the cause, in your opinion?
“A. A dropped — it could have been caused by either one of three things—
“MR. KNAUSS: I object to the answer.
“THE COURT: Well, the way the answer is being framed, it is properly objected to. I will have to hear the answer, Mr. Knauss. I don’t know I will hear the answer. One of three things.
“A. A dropped cigarette, a dropped match, or a spark from a smoking device.
“BY THE COURT:
“Q. Spark from a what?
“A. Smoking device, like a pipe.
“THE COURT: Thank you.
“MR. KNAUSS: If the Court please, we move to strike the answer for several reasons. First, he said it could have happened. And then—
“THE COURT: Not in the revised question, it was not could have.”
Considered in its entirety, we believe it to be clear, and the jury understood this testimony to mean, that the fire was caused, and not might have been caused, by one of the three mentioned objects, all of which relate to the habit of smoking. To reach another conclusion as to what the witness meant would be to ignore defendant’s original objection sustained by the trial judge and its controlling influence and significance upon subsequent interrogation and answers by the witness.
The second assigned trial error appears to go to some of the same questions raised in the motion for judgment n.o.v. and must be refused for reasons already stated.
*391 The third assigned trial error complains of the trial judge’s ruling in permitting decedent’s wife to testify that decedent smoked cigarettes, this being permitted over defendant’s objection as to relevancy. Citing Jamison v. Ardes, 408 Pa. 188 (1962), as authority for her position, defendant correctly contends that generally similar but disconnected acts of negligence are not admissible to prove negligence on a particular occasion. But such a rule is misapplied here. It was not suggested by opposing counsel or by the court in its charge that the act of smoking was an act of negligence in itself. It is, however, a relevant and material fact, just as certainly would have been a contrary fact that defendant did not engage in the habit of smoking.
Defendant next objects to the trial judge’s refusal to affirm defendant’s third point for charge which paraphrased Connor v. Hawk, 387 Pa. 480 (1957), on the subject of circumstantial evidence. Instead, the trial judge in his charge employed the language of Smith v. Bell Telephone Company of Pennsylvania, 397 Pa. 134 (1959). Without resorting to a protracted analysis of these two decisions, suffice it to say that Smith, later in date, has been cited with approval in a number of subsequent decisions, including that of Marrazzo, supra, which involved similar issues of circumstantial evidence in a fire damage case.
Defendant’s final assignment suggests that the charge to the jury did not make it clear that if it concluded it was unable to determine the cause of the fire, a verdict must be rendered in favor of defendant. This contention is primarily directed to language of the charge on the subject of the jury’s fact-finding responsibility, wherein the trial judge said that the jury as fact finders should determine what did occur and other references to its duty to find the facts. From these references, defendant would have us conclude that the jury believed it had to find the *392 cause of the fire. This assignment is without merit. A reading of the charge in its entirety discloses that the jury was fully and carefully instructed upon plaintiff’s burden of proving by the preponderance of the evidence each and every material element of her case. This was substantially repeated in the instructions as to the possible verdicts that could be rendered by the jury.
For the foregoing reasons, we enter the following
ORDER
And now, December 22, 1969, defendant’s motion for judgment notwithstanding the verdict and motion for a new trial are hereby dismissed. The prothonotary is hereby directed to enter judgment in favor of Anna M. Long, plaintiff, and against C. Louise Krautheim, administratrix of the estate of Daniel M. Krautheim, deceased, defendant, consistent with the jury verdict.

 A possible conflict of testimony for resolution by the jury developed on this question. Defendant, who is the widow of decedent, testified that decedent, to her knowledge, had not smoked for some three weeks prior to the fire because of a recent throat operation.