Judith B. WETZEL, Executrix of the Estate of Lt. Kenneth R. Wetzel, in her own right and as parent and natural guardian of the minor children, Kenneth M. and Kimberly Wetzel

v.

McDONNELL DOUGLAS CORPORATION and Curtiss-Wright Corporation.

Civ. A. No. 76–2250.

United States District Court, E. D. Pennsylvania.

June 18, 1980.

Albert W. Sheppard, Jr., Weinstein & Factor, Philadelphia, Pa., for plaintiff.

Sidney L. Wickenhaver, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Curtiss-Wright Corporation,[1] has moved for summary judgment against the plaintiff, Judith B. Wetzel, in this 402A action. The defendant claims that the wrongful death action instituted by the plaintiff is barred by the applicable statute of limitations, and that the plaintiff has not alleged a survival action, which it concedes would not be barred by the applicable statute of limitations. The plaintiff controverts each of the defendant's claims.

This action arises out of the crash of an A–4C naval aircraft on July 23, 1974 at the Naval Air Facility at Warminster, Pennsylvania. The complaint alleges that the air-

craft, which was piloted by the plaintiff's husband, Lieutenant Kenneth R. Wetzel, crashed at approximately 2:22 p. m. on that day while Lt. Wetzel was attempting to land the aircraft. Lt. Wetzel was killed in the crash. The complaint in this action was filed on July 19, 1976, only four days less than two years after the crash occurred. Subject matter jurisdiction was based upon diversity of citizenship, and the complaint alleged that the cause of the crash was a design defect in the aircraft's engine, which caused the engine "to overheat and to fail during flight."

The plaintiff captioned the complaint as follows:

Judith B. Wetzel, Executrix of the Estate of Kenneth R. Wetzel, in her own right and as parent and natural guardian of the minor children, Kenneth M. and Kimberly Wetzel

vs.

McDonnell Douglas Corporation

and

Curtiss-Wright Corporation

The complaint also stated:

The Plaintiff is the wife and Executrix of the deceased Kenneth R. Wetzel, and sues in her behalf, and as the parent and natural guardian of the two minor children of the marriage, namely Kenneth M. Wetzel, age 4, and Kimberly Wetzel, age 7.

Finally, paragraph eight of the plaintiff's complaint stated:

Plaintiff avers that as a result of this crash her husband, and the father of the minor children, was killed and that they and each of them are entitled to recover their damages as prescribed by law.

In its motion for summary judgment, the defendant claims that the action brought by the plaintiff was solely a wrongful death action, and is therefore barred by the one year statute of limitations that was applica-

---

1. The plaintiff has settled her claim against McDonnell-Douglas Corporation, the other de- fendant that appears in the caption of this action.

ble at the time this action was filed. *Pa. Stat.Ann. tit.* 12, § 1603 (Purdon 1953). The plaintiff admits that section 1603 is applicable to her wrongful death action, but contends that the statute of limitations did not begin to run until some time after she filed her complaint. Furthermore, the plaintiff claims that her complaint properly stated both a survival action and a wrongful death action, and that the plaintiff's answers to interrogatories have made it clear to the defendant that the plaintiff is claiming both remedies.

The parties agree that the statute of limitations applicable to survival actions at the time the plaintiff filed her complaint was two years. *Pa.Stat.Ann. tit.* 12, § 34 (Purdon 1953); *Schenk v. Piper Aircraft Corp.*, 377 F.Supp. 477 (W.D.Pa.1974), *aff'd mem.*, 521 F.2d 1399 (3d Cir. 1975). No issue is raised concerning the statute of limitations as to the survival action, but the defendant does contend that the plaintiff has not alleged a survival action.

 To determine whether the plaintiff has alleged both a survival action and a wrongful death action in the complaint, the respective rights of recovery in both actions must be considered. Although the two actions are frequently filed jointly, they are separate and distinct actions which require separate verdicts and judgments. In a survival action, damages are measured by the pecuniary loss of the decedent. This means that the personal representative of the decedent's estate may recover damages for: (1) the decedent's pain and suffering from the date of the injury until the date of death; (2) the loss of decedent's earnings from the date of death to the date of trial less the probable cost of maintenance for himself and his dependents for this period; and (3) the present worth of the future loss of the decedent's earnings from the date of trial through the remainder of the period of the decedent's life expectancy less the probable cost of maintenance for himself and his dependents for this period. *Soares v. McCloskey*, 466 F.Supp. 703 (E.D.Pa.1979). In a wrongful death action, damages are measured by the pecuniary loss to the family of the decedent. This means that the widow of the decedent or, if there is no widow, the personal representative of the decedent, may maintain an action on behalf of a surviving husband, a widow, the children, or the surviving parents of the decedent. In such an action damages may be recovered for: (1) hospital, nursing, medical, and funeral expenses, and expenses of administration; (2) the pecuniary loss to the decedent's family (excluding the probable cost of the decedent's maintenance) from the date of death to the date of trial; and (3) the present worth of the pecuniary loss to the decedent's family (excluding the probable cost of the decedent's maintenance) from the date of trial through the remainder of the period of the decedent's life expectancy. *Haddigan v. Harkins*, 441 F.2d 844 (3d Cir. 1970).

 A review of the plaintiff's complaint shows that the plaintiff brought this action against the defendant as the widow of the decedent and as the executrix of the decedent's estate. Under Pennsylvania law, the decedent's widow is the party authorized to bring a wrongful death action, *Pa.Stat.Ann. tit.* 12, § 1601 (Purdon 1953), and the personal representative of the decedent's estate is the party authorized to bring a survival action. 20 *Pa.Cons.Stat.Ann.* § 3373 (Purdon 1975). The plaintiff, being the widow of the decedent and the executrix of the decedent's estate, is therefore the proper party to bring both a wrongful death action and a survival action. The complaint is far from a model of a well drafted pleading even under our Federal notice system of pleading. However, since we are mandated by Fed.R.Civ.P. 8(f) to interpret a complaint in a manner that will do substantial justice, we find that the complaint in the instant case alleges both a wrongful death action and a survival action. The plaintiff in this case is both the widow of the decedent and the executrix of the decedent's estate, and alleges that she is seeking to recover for herself and her children, and as the executrix of the estate, all damages "as prescribed by law" in this personal injury action filed in 1976.

As heretofore stated, the defendant has filed a motion for summary judgment claiming that the wrongful death action pleaded in the complaint is barred by the one year statute of limitations in that the complaint was not filed until almost two years after the crash. The defendant contends that the plaintiff's action arose and that the statute of limitations began to run "on the date of the crash, when she was aware of the existence of injury." The plaintiff, however, claims that the statute of limitations did not "commence to run until the plaintiff knew or reasonably should have known the cause of the crash," and that the action was instituted within the statutory period of one year of the date that the plaintiff knew or reasonably should have known the cause of the crash. In resolving this issue, we must apply Pennsylvania law since this is a diversity case.

The parties have brought no Pennsylvania case to our attention which deals with the issue of when the limitations period begins to run in an airplane crash case. We must therefore predict the way in which the Supreme Court of Pennsylvania would rule on this issue. *Becker v. Interstate Properties*, 569 F.2d 1203 (3d Cir. 1977), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). The defendant relies on cases holding that the limitations period begins to run on the date the plaintiff becomes aware of the injury. *Huber v. McElwee-Courbis Construction Co.*, 392 F.Supp. 1379 (E.D.Pa. 1974); *Irrera v. Southeastern Pennsylvania Transportation Authority*, 231 Pa.Super. 508, 331 A.2d 705 (1974); *Ragan v. Steen*, 229 Pa.Super. 515, 331 A.2d 724 (1974). According to the defendant, the one year limitations period for the plaintiff's wrongful death action began to run on July 23, 1974, the date of the crash, on which date the plaintiff became aware that her husband died in the crash. Since the plaintiff instituted this action on July 19, 1976, more than one year after the date of the crash, the defendant contends that the plaintiff's wrongful death action is barred by the statute of limitations.

The plaintiff contends that the cause of the decedent's death was a design defect in the aircraft's engine, that the limitations period should not begin to run until the plaintiff knew or reasonably should have known of the defective design of the engine, and that the defective design of the engine did not become known to her until after the complaint in this case was filed. The plaintiff claims that the recent decision of our Third Circuit in *Bayless v. Philadelphia National League Club*, 579 F.2d 37 (3d Cir. 1978), supports her position. In *Bayless*, the Court had to determine when the Pennsylvania two year statute of limitations began to run in a medical malpractice case where the plaintiff claimed that his severe mental depression and schizophrenia were caused by the use of certain pain-killing drugs which had been prescribed by the defendant. The plaintiff did not institute the action until he learned of the cause of his depression and schizophrenia, which was more than two years after its onset. The Court held that:

> the rule in Pennsylvania is that the limitations period begins to run from the time that the plaintiff knows or reasonably should know the cause of his injury. *Id.* at 39.

Section 899 of the Restatement of Torts (Second) states that many jurisdictions have a special rule concerning the running of the statute of limitations in malpractice cases because:

> many of the consequences of medical malpractice often do not become known or apparent for a period longer than that of the statute . . .. [Furthermore], . . . the nature of the tort itself and the character of the injury will frequently prevent knowledge of what is wrong. *Restatement, supra,* § 899, at 444.

Although section 899 might be interpreted as supporting a contention that the holding in *Bayless* is applicable only in medical malpractice cases, our examination of the Pennsylvania cases dealing with the running of the statute of limitations leads us to conclude that the rule set forth in *Bayless* would be applied by the Supreme Court of Pennsylvania in cases such as the case before this Court involving an airplane crash.

Our prediction regarding the way in which the highest court of Pennsylvania would decide this issue is based on an analysis of the decisions of that court and other courts interpreting Pennsylvania law that have addressed the issue of when the Pennsylvania statute of limitations begins to run in a personal injury action. Our Third Circuit in *Bayless* discussed the following cases in its opinion: *Gemignani v. Phillies National League Baseball Club*, 287 F.Supp. 465 (E.D.Pa.1967); *Daniels v. Beryllium Corp.*, 227 F.Supp. 591 (E.D.Pa.1964); *Ayers v. Morgan*, 154 A.2d 788, 397 Pa. 282 (1959); *Irrera v. Southeastern Pennsylvania Transportation Authority*, 231 Pa.Super. 508, 331 A.2d 705 (1974).

In *Ayers*, the defendant was a doctor who had performed surgery on the plaintiff and had accidentally left a surgical sponge in the plaintiff. When the plaintiff discovered the presence of the sponge several years after the operation, he filed his malpractice action. The Supreme Court of Pennsylvania held that the limitations period did not begin run until the plaintiff:

learned, or, by the exercise of reasonable diligence, could have learned of the presence of the foreign substance within his body. *Ayers, supra*, 154 A.2d at 793.

In *Irrera*, the plaintiff had fallen into a hole in a street that was supposed to be maintained by the defendant. The Superior Court held that the plaintiff's claim was barred by a notice statute, which the Court equated to a statute of limitations because the plaintiff had filed suit after the notice period expired and there was no evidence in the record suggesting that the plaintiff could not have learned of the defendant's responsibility within the notice period had she exercised reasonable diligence. In *Daniels*, the plaintiff brought an action for beryllium poisoning caused by the contamination of the atmosphere by the defendant's plant. The Court held that the statute of limitations began to run:

not when her symptoms first appeared, and not when the diagnosis was made, but rather when plaintiff should have known of the causal connection between her illness and the defendant's activities. *Bayless, supra*, at 40.

The *Daniels* court stated that this question was one of fact for the jury. In *Gemignani*, one of the defendant's team physicians examined a baseball player on the team and found that he suffered from a symptomatic blood condition, but did not inform the player of this condition. The player subsequently died. Judge Higginbotham ruled that the statute of limitations did not begin to run until the baseball player, in the exercise of reasonable diligence, should have learned that the failure of the defendant to inform him of this condition, or treat him for it, caused his terminal illness.

It is interesting to note that as early as 1915 the Pennsylvania Supreme Court, in *Byers v. Bacon*, 95 A. 711, 250 Pa. 564, a case in which a surgeon failed to remove a piece of rubber tubing from the patient, stated that the statute of limitations should not:

properly have been regarded as running against the plaintiff until such time as he could reasonably be charged with knowledge of the fact that the tube had been overlooked and left in the wound.

Furthermore, Justice McBride, in his concurring opinion in *Ayers*, stated:

The principle stated in *Smith v. Bell Tel. Co.*, 397 Pa. 134, 153 A.2d 477, 481, a case involving subsurface conditions, is applicable here. The statutory period runs "from the time of discovery of the cause of the harm or the time when the cause of the harm reasonably should have been discovered, whichever is earlier." *Ayers, supra*, 154 A.2d at 795.

In light of these cases, it would be difficult for us to conclude that the Supreme Court of Pennsylvania would not apply the *Bayless* rule to this case. There are few airplane crashes in which someone aboard the aircraft survives the crash and is able to give a statement as to the cause of the crash. Airplane crashes are normally investigated by professional examiners who make findings concerning the cause of the crash. The statute of limitations should not begin to run in such a case until the cause

of the crash is discovered, or reasonably should have been discovered, whichever is earlier.

■ As the *Bayless* Court points out, the issue of when a plaintiff knows or reasonably should know the cause of his injury is a question of fact for the jury. The Court has before it a motion for summary judgment, however, and if there is a genuine issue as to any material fact, summary judgment cannot be granted. Fed.R.Civ.P. 56. If the affidavits, depositions, other matters of record, and any reasonable inferences therefrom, interpreted in a light most favorable to the plaintiff, who is the non-moving party, reveal the existence of a factual issue as to when the plaintiff discovered or reasonably should have discovered that the alleged design defect was the cause of the crash, then the matter must be submitted to a jury. *Sanford v. O'Neill*, 616 F.2d 92 (3d Cir. 1980); *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979). Our review of the record in this case leads us to conclude that since there is no genuine issue as to any material fact, summary judgment should be granted for the defendant in connection with its contention that the statute of limitations bars the plaintiff's wrongful death claim.

The defendant, in its motion for summary judgment, pointed out that the crash occurred on July 23, 1974, and that the plaintiff did not file the wrongful death action until July 19, 1976, more than one year after the crash. The plaintiff, in her affidavit filed in opposition to the defendant's motion, stated that:

she did not know nor did she have reason to know that the alleged defect in the engine could have contributed to the crash at the time she engaged her present legal counsel; and, that she did not know, nor did she have reason to know that the cause of the airplane crash which killed her husband was due to an alleged design and/or manufacturing defect in the jet engine manufactured by Curtiss-Wright until she was so advised by her present counsel after suit had begun and they had ascertained certain information from pre-trial proceedings.

Since the plaintiff's affidavit states that the plaintiff had no knowledge of the alleged design defect until after this legal action was instituted, the Court must determine if there is a genuine issue of material fact as to when the plaintiff should reasonably have known of the alleged design defect. In other words, we must determine if there is an issue for the jury as to whether the plaintiff could not have ascertained the existence of the alleged design defect more than one year before the filing of the complaint in this action if she had exercised reasonable diligence.

After the plaintiff's affidavit was filed, the Court set this matter down for a hearing. At the hearing, it was determined that the plaintiff's deposition should be taken. The plaintiff stated in her deposition that she learned of the crash and her husband's death on the date of the accident, that she was told at some point within a month after the crash that there had been a problem with the engine, and that she knew "within a short time" that something had "obviously happened to the engine" and that the engine had caught on fire prior to the crash. She also stated that she knew the Navy would be undertaking an investigation of the crash to ascertain its cause. The plaintiff also stated in her deposition that she did not inquire regarding the cause of the engine malfunction, and did not pursue the possibility of bringing a legal action until she was approached in April of 1976 by someone from Texas who wanted to investigate the case.

A party opposing a motion for summary judgment may not "rest upon the mere allegations or denials of his pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e); *Tilden Financial Corp. v. Palo Tire Service, Inc.*, 596 F.2d 604 (3d Cir. 1979). As Professor Moore states, the plaintiff "must present sufficient materials to show that there is a triable issue" for determination by a jury. 6 *Moore's Federal Practice* ¶ 56.04, at 56–247 (2d ed. 1976).

The plaintiff's deposition clearly shows that although the plaintiff knew shortly after the accident that an engine malfunction had caused the crash, she did nothing to ascertain the cause of the engine malfunction or the existence of the alleged design defect until she was approached in April of 1976 by someone who wanted to investigate the case. These facts do not support the plaintiff's contention in her affidavit that she could not have reasonably discovered the existence of the alleged design defect more than one year before the institution of this action, and do not create a genuine issue of material fact to be determined by a jury in connection with the plaintiff's contention.

The Court in this case has not taken "it upon itself to weigh the conflicting evidence and resolve the issue" in favor of the defendant. *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir.), *cert. denied*, 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977). The facts in this case are undisputed, and although all inferences are to be drawn from the underlying facts in a light most favorable to the plaintiff, there are no facts in the plaintiff's affidavit or deposition from which the inference can be drawn that the plaintiff should not have reasonably known of the existence of the alleged design defect more than one year before the institution of this litigation. As previously stated, since there is no genuine issue as to any material fact in connection with the defendant's claim that the plaintiff's wrongful death action is barred by the one year Pennsylvania statute of limitations, we will grant the defendant's motion for summary judgment on this issue. As heretofore pointed out, the deposition of the plaintiff, stating that she did nothing to ascertain that the alleged design defect was the cause of the crash, does not create a genuine issue of material fact as to when she should reasonably have known of the alleged design defect. The defendant is therefore entitled to summary judgment in connection with the plaintiff's wrongful death claim on the basis that this action was filed more than one year after the date of the crash and the plaintiff has not come forward with any reason from which this Court could determine that the statute of limitations should begin to run on any date other than that of the crash.

An appropriate order will accordingly be entered.