430 A.2d 683

John T. SHADLE, Appellant,

v.

Dr. Louis PEARCE.

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed May 29, 1981.

7. The maximum term of imprisonment for statutory rape is ten years. 18 Pa.C.S.A. § 1103(2).

Lester L. Greevy, Jr., Williamsport, for appellant.

Peter J. Curry, Harrisburg, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff-Appellant files the instant appeal from the order of the lower court granting summary judgment in favor of the Defendant-Appellee. The sole issue presented by this appeal is whether the lower court erred in finding that the Plaintiff's claim was barred by the applicable statute of limitations.

The record shows that the case involved a personal injury action brought both in trespass and assumpsit by a patient against his dentist. The action was initiated by a praecipe for writ of summons on December 20, 1977. The Defendant filed a rule upon Plaintiff to file a complaint. A complaint was thereafter filed and Defendant filed an answer containing new matter. The Plaintiff thereafter made a reply to the new matter. Subsequently, after discovery in the case,

the Plaintiff filed a Motion for Partial Summary Judgment, seeking to determine the effect of the statute of limitations upon his claim. The parties stipulated to the relevant facts in the lower court. Based upon such facts the lower court found that Plaintiff's claim was barred by the applicable statute of limitations.

The facts stipulated to by the parties were set forth as follows, in the lower court opinion:

"On September 14, 1972, the plaintiff was treated by the defendant dentist for an abscessed tooth. It is alleged that the defendant dentist was negligent in his treatment. In December of 1972 the plaintiff developed a heart problem which resulted in his hospitalization from December of 1972 through February 1973. His condition was diagnosed as bacterial endocarditis. In February of 1973 an aortic valve transplant was performed. On or about February 20, 1973 the plaintiff learned that the condition had resulted from the negligence of the defendant dentist in failing to properly treat the abscessed tooth in September of 1972.

Following the aortic valve transplant in February of 1973, the plaintiff had an excellent recovery. He returned to work with few limits on his activity. The only job-related limitation on his activity was that he performed less overtime work than he had performed in the past. He was covered by medical and hospitalization insurance and by a wage continuation plan and therefore he suffered no significant economic loss by reason of his treatment for the aortic valve complication. The plaintiff made a decision during this period not to sue the doctor as a result of the aortic valve problems.

In January of 1976, the plaintiff developed an aortic aneurysm which was secondary to the valve transplant. It is alleged that the aneurysm has drastically affected the Plaintiff's life; has rendered him totally incapacitated; severely restricts his activities and has significantly shortened his life expectancy."

The only additional relevant fact is that, as noted earlier, the Plaintiff initiated this action when he filed his praecipe for writ of summons on December 20, 1977.

In the analysis of the issue presented by this case, we must refer to the statute of limitations which applies to actions for personal injuries. That statute is set forth in the Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34,[1] which provides:

> Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law.

In view of the two year statute of limitations provided in that Act, which is applicable to the Plaintiff-Appellant's cause of action,[2] the issue presented is whether the statutory period began to run in February, 1973, when the Plaintiff learned of the alleged negligence by the Defendant which purportedly caused his aortic valve problem, or whether it began to run in January, 1976, when the aortic aneurysm complication developed. It is the contention of the Appel-

1. This Act was repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [807], effective June 27, 1978.

2. The Plaintiff's total action constituted claims for personal injuries, and although alleged in separate counts of trespass and assumpsit, it is clear that the two year statute of limitations is applicable to all counts. See *Jones v. Boggs & Buhl, Inc.*, 355 Pa. 242, 49 A.2d 379 (1946); *Sykes v. Southeastern Pennsylvania Transportation Authority*, 225 Pa.Super. 69, 310 A.2d 277 (1973); *Peeke v. Penn Central Transportation Co., Inc.*, 403 F.Supp. 70 (E.D.Pa.1975), affirmed *Celotex v. Whiting Corp.*, 538 F.2d 318 and *Peeke v. Penn Central Transportation Co.*, 538 F.2d 320 (3rd Cir. 1976) and *Penn Central Transportation Co. v. Celotex Corp.*, 538 F.2d 320 (3rd Cir. 1976). Compare *Thompson v. Harry C. Erb, Inc.*, 240 F.2d 452 (3rd Cir. 1957), where the action was based purely on a contract which provided for the defendant's assumption of responsibility for all damages, without respect to the absence or presence of negligence. The plaintiff's assumpsit claim in this case was not based upon an alleged breach of warranty. Compare, *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964).

lant that the statute of limitations did not begin to run on the injuries resulting from the aneurysm until that aneurysm occurred. The Appellant maintained that the aneurysm must be considered a new injury, separate and distinct from the aortic valve problems which occurred prior to the two year period immediately preceding the initiation of this action. The Appellant conceded in the lower court, and again on this appeal, that the statute of limitations had expired with respect to the 1973 aortic valve transplant itself, and the damages incident thereto.

■ It appears clear to us that the Appellant's contentions are not meritorious and that the conclusions reached by the lower court must be affirmed. While the applicable statute provides that the suit must be "brought within two years from the time *when the injury was done*", our Courts have adopted a liberal construction of that rule, with the intention to avoid unfairness to the injured plaintiff. Thus, it is held that in a personal injury case such as the present one, the statute of limitations does not begin to run until the time that the injured plaintiff knows, or should have known the cause of his injury. See *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959). A discussion of the fairness of that rule was set forth by the Federal District Court in *Prince v. Trustees of the University of Pennsylvania*, 282 F.Supp. 832, 840 (E.D.Pa.1968). Our Court, citing the decision in *Ayers v. Morgan*, 397 Pa. at 290, 154 A.2d at 792, has noted that for purposes of statute of limitations questions, the "injury" is considered done ". . . when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." See *Ragan v. Steen*, 229 Pa.Super. 515, 520, 331 A.2d 724, 727 (1974).

■ The stipulated facts of record establish that by February 20, 1973, the Plaintiff learned that his extensive physical problem, and hospitalization which led to an aortic valve transplant, was caused by bacterial endocarditis which could have resulted from professional negligence on the part of the Defendant-Appellee dentist. The Plaintiff made a deliberate choice not to institute an action alleging mal-

practice within two years of gaining such knowledge. While he argues that he did not discover the aortic aneurysm until over three years later, in January, 1976, it has been stipulated that such condition was a complication which arose because of the 1973 aortic valve transplant. In light of those stipulated facts, we are constrained to conclude that the statute of limitations began to run in February, 1973, with respect to a cause of action against the Defendant for causing Plaintiff's aortic problems, including the bacterial endocarditis and the later-developed aortic aneurysm. If we were to hold otherwise under the facts presented here, we would create a concept in the law which would permit an injured plaintiff to have a new limitations period commence for the initiation of an action for personal injuries as of the date when each complication or change in condition arose, despite the fact that no "new" negligence has occurred which is attributable to the defendant. Such a concept would be contrary to the legislative intent inherent in the creation of periods of limitations in our law. Such statutory limitation periods make it clear that one who knows he has suffered from malpractice may not unduly postpone an action until the full extent of his damage is ascertained. We must conclude that the Plaintiff in the instant case did postpone his action beyond the period of limitations applicable to his case.[3]

Affirmed.

**3.** If the 1976 aortic aneurysm were a separate and distinct injury, we might well reach a different result. Compare *Bayless v. Philadelphia National League Club,* 579 F.2d 37 (3rd Cir. 1978), where it was held that the Plaintiff was barred by the statute of limitations from raising a cause of action as to a back injury but was permitted to proceed on a cause of action alleging mental injuries which resulted from drugs administered to treat the back injury. There the plaintiff's notice of the mental injury first arose within the two year period of limitations prior to the initiation of the suit. We also note that there was no allegation of a continuing tort by the Defendant in this case which aggravated the Plaintiff's condition so as to permit him to recover for harm suffered during the two year period immediately preceding his institution of suit. Compare *Daniels v. Beryllium Corp.,* 211 F.Supp. 452 (E.D.Pa.1962). Further, the record is devoid of any suggestion that the Defendant deceived the Plaintiff and thereby caused him to