Beulah M. CALDWELL, Plaintiff,

v.

A.H. ROBINS COMPANY, Defendant.

Civ. A. No. 83–1729.

United States District Court,
W.D. Pennsylvania.

Jan. 9, 1984.

Beulah M. Caldwell, pro se.

James F. Manley, Burns, Manley & Little, P.C., Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff has filed this action pro se seeking damages from her use of the Dalkon Shield IUD. Plaintiff alleges a variety of injuries including hospitalization related to a serious urinary infection in 1977, a premature hysterectomy and onset of menopause, pain and suffering, and emotional distress. Plaintiff also seeks punitive damages.

Defendant, manufacturer of the Dalkon Shield, has responded with a motion to dismiss which raises the bar of the applicable statute of limitations as well as other matters. Plaintiff has filed responses to defendant's motion. For the reasons stated below, we conclude that plaintiff's

claims for compensatory and punitive damages are barred by the Pennsylvania statute of limitations, 42 Pa.C.S.A. § 5524 and the complaint will therefore be dismissed.

## FACTS

On December 28, 1972, plaintiff had the Dalkon Shield inserted by a physician. On December 26, 1977, plaintiff was hospitalized for treatment of severe Pelvic Inflammatory Disease (PID), and was discharged January 7, 1978. Her physician diagnosed the PID as related to the presence of the Dalkon Shield, and during her stay, the IUD was removed.

In June of 1981, plaintiff wrote to the office of Judge Spencer Williams in the United States District Court for the Northern District of California, regarding litigation in that Court on the Dalkon Shield. Plaintiff received a letter on June 29, 1981 from that office informing her that a class had been certified solely for punitive damage claims, and that her claims for personal injury were not covered in that litigation.

The class action on punitives was de-certified by the District Court in July 1982. In September and October of 1982, plaintiff underwent a hysterectomy and other procedures. On December 23, 1982, in response to further inquiry, plaintiff received a letter from Judge Williams' office informing her that the class had been de-certified.

Plaintiff then had her case reviewed by several attorneys. By letter of May 4, 1983 she was informed that the limited nature of her injuries made any possible reward too small to justify litigation, and the attorneys declined to represent her. On July 13, 1983, plaintiff filed this suit pro se.

## ANALYSIS

■ The applicable statute of limitations is .42 Pa.C.S.A. § 5524(2) which creates a 2-year limitations period for personal injury actions. Under Pennsylvania decisions, the limitations period begins to run when the injured person becomes aware of his injury and the causal relationship, or by reasonable diligence should become aware of such elemental facts. *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959); *Lewey v. Fricke Coke Co.*, 166 Pa. 536, 31 A. 261 (1895); *Grubb v. Albert Einstein Medical Center*, 255 Pa.Super. 381, 387 A.2d 480 (1978).

Plaintiff's complaint and attachments reveal that she knew or should have known of the causal relationship between her injuries and the IUD at some date more than 2 years prior to the filing of her complaint.

Plaintiff's first claimed injury from the IUD was the severe PID in December 1977. Plaintiff's doctors diagnosed her condition, attributed it to the IUD, and removed it during her hospital stay. These facts, apparent from the complaint and the various attachments submitted, should have placed plaintiff on notice of the causal relationship between the illness and the IUD.

Furthermore, plaintiff describes a letter to James Williams, dated June 22, 1981, in which she sought to join the Dalkon Shield litigation in that court. This demonstrates clearly that plaintiff was aware of her injury and its causal relationship in June 1981, more than 2 years prior to institution of this suit.

Plaintiff argues that although she may have been aware of the link between the PID and the Shield, she also suffered later injuries which fall within the 2-year limitations period. Plaintiff identifies these injuries as her hysterectomy and attendant procedures in 1982, early onset of menopause, and emotional distress, none of which she was aware of prior to fall of 1982.

■ However, the plaintiff is not entitled to a new limitations period to begin with the appearance of each new injury or complication. *Shadle v. Pearce*, 287 Pa.Super. 436, 430 A.2d 683 (1981); *Staiano v. Johns Manville Corp.*, 304 Pa.Super. 280, 450 A.2d 681 (1983). The limitations period begins to run when damage is inflicted which is "physically objective and ascertainable." *Ragan v. Steen*, 229 Pa.Super. 515, 520, 331 A.2d 724 (1974).

■ Although the limitations period is tolled until an injury is discoverable, once

that occurs and a cause of action becomes a reality the injured party may not then sleep on that cause of action until further injuries appear. As the Court made clear in *Shadle,* an injured party "may not unduly postpone an action until the full extent of his damage is ascertained." 287 Pa.Super. at 441, 430 A.2d 683. Plaintiff here had sustained an injury in 1977, had known of the injury and its causal relationship to the Dalkon Shield at least by June 1981, and had failed to bring a timely suit on this cause of action. Her later discovered injuries do not invoke either a new cause of action or a new limitations period.[1] We conclude therefore that plaintiff's claims for compensatory damages are barred as not timely filed.

█ Plaintiff also seeks punitive damages, and this presents a slightly different situation. From the face of the complaint and the various attachments, it is clear that a class action for punitive damages was begun in June 1981 and that plaintiff was aware of this suit. She was assured by that court that any viable claim for punitive damages was maintained within the aegis of the class action. Consequently the limitation period on plaintiff's punitive damage claim would be tolled during the pendency of the class action. *Goldstein v. Regal Crest, Inc.,* 62 F.R.D. 571 (E.D.Pa. 1974).

However, as discussed above, plaintiff's injury and the causal relationship were discoverable upon her hospitalization in December, 1977. The circumstances of her illness, her doctor's diagnosis, and the contemporaneous removal of the IUD are facts by which plaintiff knew, or by reasonable diligence should have discovered the causal relationship between her injury and the IUD. We conclude therefore that plaintiff's claim for punitive damages is barred by the applicable statute of limitations, the limitations period having passed before institution of the class action.

CONCLUSION

For the reasons stated above, we conclude that plaintiff's claims are barred by the applicable statute of limitations, and the action will therefore be dismissed.

---

1. We note the dicta in *Shadle,* 287 Pa.Super. at 441, n. 3, 430 A.2d 683, regarding a possible different result for a *separate and distinct injury.* However, we also note the apparently contrary language in *Staiano,* 304 Pa.Super. at 296, 450 A.2d 681. In any event we conclude that plaintiff's alleged injuries are sufficiently similar, all arising with plaintiff's reproduction organs, that they do not justify any exception to the holding described above.